REDD et al., Appellants,

v.

SPRINGFIELD TOWNSHIP SCHOOL [DISTRICT] et al., Appellees.

[Cite as *Redd v. Springfield Twp. School Dist.* (1993), 91 Ohio App.3d 88.]

Court of Appeals of Ohio,
Summit County.

No. 16085.

Decided Oct. 6, 1993.

*Neal Shapero,* for appellants.

*Joyce Laybourn,* for appellees.

---

REECE, Judge.

Plaintiff-appellant, Esther Redd, appeals the trial court's decision granting the motion for summary judgment filed by defendants-appellees, Springfield Township School District and Springfield Township School District Board of Education ("the school"). The trial court found that the school was immune from liability based on Ohio's sovereign immunity statute. We affirm.

Anthony Redd claims he was injured when he slipped in water in front of a drinking fountain at Schrop Middle School. Esther Redd commenced this action as the parent and natural guardian of Anthony. Esther alleged that as a result of the school's negligence, Anthony was injured and that she was deprived of Anthony's service, comfort and companionship. The school moved for summary judgment which was granted on November 20, 1992. Esther appeals raising three assignments of error which will be combined for purposes of analysis:

"I. The trial court committed reversible error in granting summary judgment because defendants-appellees have a mandatory duty to keep their hallways open, in repair and free from nuisance pursuant to O.R.C. Section 2744.02(B)(3).

"II. The trial court committed reversible error in granting summary judgment because the defendants-appellees' duty to keep their hallways open, in repair and free from nuisance is not a discretionary matter pursuant to O.R.C. Section 2744.03(A)(5).

"III. The trial court committed reversible error in granting summary judgment because the question of whether defendants-appellees' misconduct is wanton is a question of fact for the jury."

A court may grant summary judgment if it finds that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273. See, also, *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

The burden of establishing the appropriateness of summary judgment is on the moving party. *Hamlin v. McAlpin Co.* (1964), 175 Ohio St. 517, 26 O.O.2d 206,

196 N.E.2d 781, paragraph two of the syllabus; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. However, once summary judgment is requested, the responding party must set forth specific facts demonstrating triable issues on all essential matters for which he bears the initial burden of proof. Mere reliance upon the pleadings is insufficient. Civ.R. 56(E). See, also, *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323–326, 106 S.Ct. 2548, 2553–2554, 91 L.Ed.2d 265, 274–275.

█ A school is a political subdivision within the meaning of R.C. Chapter 2744, Ohio's sovereign immunity law. See R.C. 2744.01(F). As a general rule, political subdivisions are not liable in damages for injuries to persons. R.C. 2744.02(A). However, five statutory exceptions to nonliability have been created in R.C. 2744.02(B). Even if liability may be maintained based on one of the exceptions in R.C. 2744.02(B), one of the "defenses or immunities" included in R.C. 2744.03 may remove the political subdivision from liability. See, generally, *Koch v. Avon Bd. of Edn.* (1989), 64 Ohio App.3d 78, 79–82, 580 N.E.2d 809, 811–812; *Hallett v. Stow Bd. of Edn.* (1993), 89 Ohio App.3d 309, 311–313, 624 N.E.2d 272, 273–274.

█ Redd asserts that the school is liable for Anthony's injuries based on R.C. 2744.02(B)(3). The school asserts the action is more appropriately brought under division (B)(4) of that section. R.C. 2744.02(B)(3) is clearly not applicable because a school hallway is not one of the specific areas or places stated therein that a political subdivision is required to keep "open, in repair, and free from nuisance." Before R.C. 2744.02(B)(4) may apply, Redd must provide sufficient proof of negligence on the part of one of the school's employees, which she has failed to do.[1]

█ We have stated that there is no general duty upon school officials to watch over each child at all times. *Miller v. Howard* (July 18, 1990), Lorain App. No. 89CA004730, unreported, at 4, 1990 WL 102448; *Nottingham v. Akron Bd. of Edn.* (1992), 81 Ohio App.3d 319, 321, 610 N.E.2d 1096, 1097. See, also, *Allison v. Field Local School Dist.* (1988), 51 Ohio App.3d 13, 14, 553 N.E.2d 1383, 1384. Therefore, unless school personnel assume a more specific obligation, they are

---

1. In the order from which Esther appeals, the trial court found that the school was not liable regardless of whether it was negligent because R.C. 2744.03(A)(5) provided an exception to liability. An appellate court must affirm a trial court's judgment if any valid grounds are found on review to support it. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175. As we have found Esther has not produced evidence of negligence, we shall not consider whether R.C. 2744.03(A)(5) is an exception to liability.

bound only under the common-law duty to exercise that care necessary to avoid reasonably foreseeable injuries. See *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 98, 543 N.E.2d 1188, 1192–1193; *Huston v. Konieczny* (1990), 52 Ohio St.3d 214, 217, 556 N.E.2d 505, 509.

In this case there is no evidence that the school's personnel could have prevented Anthony's injuries. Appellant asserts that the water on the floor was spilled by students using the drinking fountain during the class change between the seventh and eighth periods. Anthony slipped during this time while he was chasing another student in the hallway. At deposition, Anthony testified that he did not see any water before he slipped. The water that accumulated apparently did so between classes, particularly during a time when students would use the fountain before going to choir. Dorsey Whited, the school's custodian, testified that students would sometimes spill water on the floor near the drinking fountains. Accordingly, he would walk through the school hallways and check to see if any area needed to be cleaned. On the day Anthony was injured, there is no evidence that a large spill existed at this drinking fountain. The school's employees were not negligent in this instance. To overcome a motion for summary judgment a plaintiff must produce more than a mere scintilla of evidence in support of her position. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–253, 106 S.Ct. 2505, 2509–2512, 91 L.Ed.2d 202, 211–214. Redd has failed to produce such evidence in this case. Accordingly, her three assignments of error, all of which concern the granting of summary judgment, are overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.