**RATLIFF et al., Appellants,**

v.

**OBERLIN CITY SCHOOLS, Appellee.**

[Cite as *Ratliff v. Oberlin City Schools* (1995), 107 Ohio App.3d 548.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006154.

Decided Nov. 29, 1995.

*Geoffrey Smith,* for appellants.

*Dennis O'Toole,* for appellee.

REECE, Judge.

Appellants, Amanda, Michelle and Jim Ratliff, appeal the Lorain County Court of Common Pleas' grant of summary judgment in favor of appellee, Oberlin City Schools. We affirm.

Amanda Ratliff, an elementary school student in the Oberlin City School System ("Oberlin"), attends Eastwood Elementary School. On June 7, 1993, Amanda climbed the monkey bars on the school playground during her recess break. Mulch covered the ground underneath the monkey bars. Moreover, a light mist fell during recess and rain had fallen the previous night. While playing, Amanda fell and broke her arm. Amanda, through her parents Michelle and Jim, sued Oberlin for damages.

Oberlin moved the trial court for summary judgment. Oberlin argued that it did not act negligently and that it could not incur liability based on its governmental immunity. Oberlin relied on the affidavit of Ralph Ballard, the principal of Eastwood at the time of the accident. Ballard stated that "[i]t was a common procedure to permit students to use the playground equipment when it was wet. I permitted them to do so because, in my opinion, it was safe. I had not experienced any prior injuries due to wet or slippery playground equipment." Furthermore, Ballard stated that "[s]tudents do fall from the monkey bars and other playground equipment from time to time; that is why we put mulch under the playground equipment. (The area under the monkey bars was well mulched on the day of Amanda's fall.) We've never had any significant injuries from falls from monkey bars."

Amanda responded in opposition to the motion for summary judgment. She relied on the affidavits of her parents as well as Ballard's deposition testimony. Michelle Ratliff stated that "[w]hen I picked Amanda up to take her to the hospital, the side on which she had fallen was covered with mud * * * [t]he area under the monkey bars had some wood chips. In fact, the area directly under

the monkey bars had only a thin covering of wood chips; I could see the ground through the wood chips in some areas. It appeared that most of the wood chips had been kicked aside, away from the area underneath the monkey bars, but there was not a lot of wood chips even on the sides of the monkey bars." Jim Ratliff also stated in his affidavit that at the time his daughter fell he visited the site and saw a thin covering of wood chips underneath the monkey bars. Moreover, "I could see dirt through the wood chips." At his deposition, Ballard testified:

"A. Well, when I see it, when there's mulch on the ground and that there are no holes or gaps, then I'm assuming that that's sufficient to stop or break a fall, to help soften the impact.

"* * *

"Q. And the purpose of the mulch is; what is the purpose?

"A. To reduce the impact of a drop or fall. To help let water seep through so the surface isn't—there aren't puddles."

The trial court granted summary judgment in favor of Oberlin.

On appeal, Amanda raises one assignment of error: the trial court improperly granted summary judgment because a genuine issue of material fact existed as to whether the fill beneath the monkey bars was adequate and whether Oberlin acted recklessly.

■ In reviewing a trial court's grant of summary judgment pursuant to Civ.R. 56(C), an appellate court applies the same standard as the trial court: whether any genuine issues of material fact existed and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123.

■ In a negligence cause of action, it is fundamental that the plaintiff must establish the existence of a duty, a breach of that duty, and an injury that is the proximate result of that breach. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. According to this court, "[t]here is no general duty upon school officials to watch over each child at all times." *Redd v. Springfield Twp. School Dist.* (1993), 91 Ohio App.3d 88, 91, 631 N.E.2d 1076, 1078. Absent the assumption of a more specific obligation, school officials are bound only by the common-law duty to exercise that care necessary to avoid reasonably foreseeable injuries. *Id.* at 91–92, 631 N.E.2d at 1078–1079. Therefore, for purposes of successfully responding to Oberlin's motion for summary judgment, Amanda had to raise a genuine issue of material fact establishing the elements of her cause of action. See *id.; Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–253, 106 S.Ct. 2505, 2509–2512, 91 L.Ed.2d 202, 211–214.

■ In this case, we determine that Amanda did not raise any genuine issue of material fact concerning Oberlin's negligence. The central issue is whether Oberlin took reasonable care to avoid injury on the monkey bars. The statements made by her parents in their affidavits provide the prime support for her position. In sum, both parents stated that based on their observations, Oberlin did not provide adequate mulch to guard against injury. This evidence, however, was not sufficient to overcome the motion for summary judgment. Significantly, neither parent had witnessed the accident and, therefore, neither could know how the mulch was laid before Amanda fell.

Furthermore, Amanda presented no evidence as to what constituted reasonable protection from injury. Ballard stated in his deposition that he believed the mulch adequately protected against injury based on his experience as an educator. Amanda did not rebut his assertion with evidence indicating that Oberlin fell below its standard of care. Therefore, Amanda failed to meet her burden in response to the motion for summary judgment. *Anderson, supra*, 477 U.S. at 247–253, 106 S.Ct. at 2509–2512, 91 L.Ed.2d at 211–214.

Because no genuine issue of material fact existed as to absence of Oberlin's negligence, we need not address the issue of Oberlin's recklessness and its defense of governmental immunity. Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment accordingly.*

DICKINSON, J., concurs.

BAIRD, P.J., concurs in judgment only.