HELTON et al., Appellants and Cross–Appellees,

v.

SCIOTO COUNTY BOARD OF COMMISSIONERS, Appellee and Cross–Appellant.

[Cite as *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 97CA2486.

Decided Sept. 30, 1997.

*Blumenstiel, Huhn, Wood & Adams* and *J.B. Blumenstiel*, for appellants.

*Isaac, Brant, Ledman & Teetor* and *Steven G. LaForge*, for appellee.

HARSHA, Judge.

David Helton et al. appeal a summary judgment in favor of the appellee, Scioto County Board of Commissioners. The appellants assert the following five assignments of error:

Assignment of Error No. 1

"The trial court erred in granting summary judgment for defendant-appellee against plaintiffs-appellants."

Assignment of Error No. 2

"The trial court erred in ruling as a matter of law that the County's liability depends [solely] on the [duty of care] imposed upon it by Chapter 2744 of the Ohio Revised Code, without consideration of and ignoring the County's admitted and statutory duty to maintain county roads and ditches alongside county roads to provide free passage of water for the drainage of county roads, as provided in Ohio Rev.Code, Sections 5535.01, 5543.01, 5543.12, and 315.08."

Assignment of Error No. 3

"The trial court erred in ruling as a matter of law that the water running across County Road 23 on April 10, 1994, overflowing from a clogged and inadequate drainage ditch alongside the road, was not a nuisance."

Assignment of Error No. 4

"The trial court erred in ruling as a matter of law that the water running across County Road 23 north of the intersection with County Road 26 on April 10, 1994, was caused solely by a sudden and severe rainstorm, a so-called 'Act of God,' thereby completely ignoring the substantial proof that for many years prior to April 10, 1994, water had consistently overflowed from the clogged and inadequate drainage ditch in the same precise area during or after any heavy rain or 'when the snow melts.' "

Assignment of Error No. 5

"The trial court erred in ruling as a matter of law that the County had no actual or constructive notice of the clogged and inadequate drainage ditch resulting in overflow of water across County Road 23 on April 10, 1994, thereby completely ignoring the substantial proof of prior complaints to the County of overflowing water at the same location, including an admitted and recorded complaint received by the County on March 18, 1993, that the ditch needs [to be] cleaned out, causing water on the road and several prior wrecks resulting therefrom, together with the sworn statement that nothing was done thereafter to correct the clogged and inadequate ditch."

Pursuant to App.R. 3(C) and R.C. 2505.22, in support of the summary judgment, the appellee asserts one cross-assignment of error, which states:

"The court should have granted summary judgment in that the evidence was clear that the county acted reasonably."

This case arises out of a traffic accident that occurred in 1994. As Susan Blevins was driving on a section of Scioto County Road No. 23 that had water flowing over it, she lost control of her car and struck David Helton's oncoming van. Blevins died in the accident and Helton and his passengers were injured. The appellants, David Helton and his passengers, filed a complaint alleging that appellee, Scioto County Board of Commissioners, was negligent in maintaining the ditch into which the water should have drained. They argue that in this case, the county is not immune from liability because the condition of the road was a nuisance for which the county is liable under R.C. 2744.02(B)(3). The trial court sustained the appellee's motion for summary judgment and the appellants timely appealed.

Summary judgment is proper only when the party moving for summary judgment demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C)

and *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 677 N.E.2d 343.

◼ The burden of showing that no genuine issue exists as to any material fact falls upon the party moving for a summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production, and for which the moving party has met its initial burden. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

◼ The appellate review of a summary judgment is conducted under a *de novo* standard. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. We review the judgment independently and without deference to the trial court's decision. *Midwest Specialties, Inc. v. Firestone Co.* (1988), 42 Ohio App.3d 6, 536 N.E.2d 411.

Ohio's statutory scheme gives political subdivisions a general grant of immunity under R.C. 2744.02(A)(1), subject to enumerated exceptions under R.C. 2744.02(B), which then gives rise to limited liability. See *Howell v. Union Twp. Trustees* (Mar. 18, 1997), Scioto App. No. 96CA2430, unreported, 1997 WL 142388. In order to hold a political subdivision liable, the plaintiff must demonstrate that one of the exceptions to immunity found in R.C. 2744.02(B) is applicable in the case. At issue here is R.C. 2744.02(B)(3), which states:

"Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance * * *."

◼ In appellants' first assignment of error, they argue that summary judgment was improper. For the reasons that follow, we agree. In sustaining assignments of error two, three, four and five, we have determined that summary judgment was improper because there are genuine issues of material fact as to (1) whether the condition of the road was a nuisance, (2) whether the county had notice of the condition, (3) whether the storm or the condition of the road was an act of God, and (4) whether any negligence on the part of the appellee was a concurrent cause of the plaintiffs' injuries. Therefore we sustain appellants' first assignment of error.

◼ In appellants' second assignment of error, they argue that the trial court erred in ignoring the statutory duty of the county to provide maintenance of county roads and ditches as set forth in R.C. 5535.01, 5543.01, 5543.12 and 315.08.

Appellants assert that these sections impose a duty upon the county that if violated should be considered in determining liability under R.C. 2744.02(B)(3). To the limited extent that breach of this statutory duty creates a nuisance upon a public roadway, we agree. See the discussion which follows. To this limited extent, we sustain appellants' second assignment of error.

In appellants' third assignment of error, they argue that it was error for the trial court to rule that, as a matter of law, the water on the roadway was not a nuisance. The appellants contend that the county failed to keep a public road, County Road No. 23, free from nuisance. Specifically, the appellants allege that the failure to keep the adjacent ditch in good working order caused the road to flood during any rain or when snow melted.

■ When determining whether a nuisance exists, the focus is on whether a condition exists within the political subdivision's control that creates a danger for ordinary traffic on a regularly traveled part of the road. *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 632 N.E.2d 502. According to the Ohio Supreme Court, the following can be nuisances: (1) corn growing in the right-of-way of the road obstructing driver visibility, *Manufacturer's Natl. Bank of Detroit v. Erie Cty. Rd. Comm.* (1992), 63 Ohio St.3d 318, 587 N.E.2d 819; (2) an overhanging tree limb impeding ordinary traffic, *Robert Neff & Sons v. Lancaster* (1970), 21 Ohio St.2d 31, 50 O.O.2d 80, 254 N.E.2d 693; (3) a malfunctioning traffic signal, *Fankhauser v. Mansfield* (1969), 19 Ohio St.2d 102, 48 O.O.2d 103, 249 N.E.2d 789; and (4) failure to maintain traffic signs already in place, *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 632 N.E.2d 502.[1]

Appellee argues that a political subdivision cannot be held liable for a temporary condition such as rainwater on the roadway. *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 29 OBR 441, 505 N.E.2d 957 (muffler in the roadway not a nuisance); *Young v. Sardinia* (1995), 102 Ohio App.3d 797, 658 N.E.2d 41 (temporarily illegally parked cars not a nuisance). The appellee also cites *Williams v. Cuyahoga Falls* (Aug. 30, 1995), Summit App. No. 16981, unreported, 1995 WL 513824, to support this argument. In *Williams,* the court held that "[t]he allegation that rainwater accumulated during a rainstorm, *without more,* cannot raise a genuine issue of material fact regarding the existence of a nuisance." (Emphasis added.) Appellee also directs our attention to *Feitshans v. Darke Cty.* (1996), 116 Ohio App.3d 14, 686 N.E.2d 536, which concludes that *in general,* accumulated rainfall is not a nuisance. We agree.

---

1. We note that the Ohio Supreme Court did not hold that any of these conditions were nuisances, only that whether the conditions were nuisances was a question of fact inappropriate for summary judgment.

However, the appellants are not arguing that the temporary natural accumulation of rainwater on the roadway on the day of the accident was the nuisance in this case. They allege that the condition of the drainage ditch, over which the county had control, see R.C. 5543.12 and 315.08, along with the rainfall, created a nuisance. In essence, they argue implicitly that the accumulation of water was not a natural condition, but rather, one caused by improper maintenance.

We sustain appellants' third assignment of error because there is a genuine issue of material fact as to whether the condition of the road and ditch was a nuisance. Appellants submitted several affidavits from residents of the area and drivers who frequented the road where the accident occurred. This summary judgment evidence stated that the portion of the road near the site of the accident had water running over it whenever it rained or snow melted. Viewing the evidence in the light most favorable to the appellants, reasonable minds could conclude that water flowing over the road whenever it rains or snows as a result of an improperly designed or maintained drainage system, over which the county has control, is as much an impediment to the safe flow of traffic as a malfunctioning traffic light, overhanging branches or corn obstructing a driver's view.

In appellants' fourth assignment of error, the appellants argue that the trial court erred by ruling that the condition of County Road 23 on the day of the accident was caused solely by an act of God, a sudden and severe storm. An act of God is:

"Any irresistible disaster, the result of natural causes, such as earthquakes, violent storms, lightening and unprecedented floods. It is such a disaster arising from such causes, and which could not have been reasonably anticipated, guarded against or resisted. It must be due *directly and exclusively* to such a natural cause without human intervention. * * * If the injury is in part occasioned by the wrongful act or the negligent act of any persons concurring therein and contributing thereto, such person will be liable therefor and this applies to a municipal corporation as well as to a natural person." (Emphasis added.) *Piqua v. Morris* (1918), 98 Ohio St. 42, 47–48, 120 N.E. 300, 301.

For an event to be an act of God, it must not be foreseeable by the exercise of reasonable foresight and prudence. *Anthony Carlin Co. v. Hines* (1923), 107 Ohio St. 328, 140 N.E. 99.

Usually a defendant cannot be held liable for injuries caused by an act of God, but if proper care and diligence would have avoided the act, it is not excusable as an act of God. *Bier v. New Philadelphia* (1984), 11 Ohio St.3d 134, 11 OBR 430, 464 N.E.2d 147; *Lodwicks & Kennedy v. Ohio Ins. Co.* (1832), 5 Ohio 433.

In his deposition the appellants' expert, Alan Kundtz, stated that in his opinion there was debris clogging the ditch adjacent to County Road 23 and that this caused water to flow across the roadway. He also stated that in his opinion the county knew of the problem with the ditch and did not act reasonably to prevent the water from flowing across the roadway. If his testimony is to be believed, the condition of the road was not due directly and exclusively to the rainstorm and, thus, the county cannot escape liability under a theory that the storm or the condition of the road was an act of God. Viewing the evidence most favorably to the appellants, reasonable minds could conclude that the accident was not due solely to an act of God. Accordingly, we sustain appellants' fourth assignment of error because there is enough evidence to create questions of fact as to (1) whether the storm or the condition of the road was an act of God and (2) if they were, whether any negligence on the part of the appellee was a concurrent cause of the plaintiffs' injuries.

In appellants' fifth assignment of error, they argue that the court erred in ruling as a matter of law that the county had no notice of the condition of the road and ditch. A political subdivision must have either actual or constructive knowledge of the nuisance before it can be held liable under R.C. 2744.02. *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 632 N.E.2d 502; *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 566 N.E.2d 154. Constructive notice exists if the "nuisance existed in such a manner that it could or should have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger * * *." *Franks v. Lopez*, 69 Ohio St.3d at 349, 632 N.E.2d at 505, citing *Beebe v. Toledo* (1958), 168 Ohio St. 203, 207, 6 O.O.2d 1, 3, 151 N.E.2d 738, 741–742.

The evidence that the appellants submitted to the trial court creates a question of fact as to the knowledge of Scioto County about the condition of the road near the accident site. Appellants presented (1) an affidavit from Judy Steel, who lived near the accident site, that she had reported to the county that the ditch needed cleaning and that there had been at least six wrecks, and (2) several affidavits from drivers who frequented the area near the accident site that water ran over the road whenever it rained or when snow melted.

Appellee argues that because appellants' expert could not conclude exactly when the ditch became clogged and the county engineer, Clyde Willis, stated in his affidavit that the county had no actual notice of the problems with County Road 23, that the trial court correctly granted summary judgment on the issue of knowledge of the county. However, this reasoning ignores a fundamental concept of constructive notice, *i.e.*, that due to the appellee's knowledge of historical facts, it *should* have known of the risk of dangerous conditions whenever it rained. See *Beebe, supra.* We believe the summary judgment

evidence submitted by the appellants creates a genuine issue of material fact concerning constructive notice. We therefore sustain appellants' fifth assignment of error.

The appellee argues through its cross-assignment of error that the court should have granted summary judgment in that the evidence was clear that the county acted reasonably on the day of the accident. According to appellee, the county issued a warning on local radio stations, contacted all fire departments to ascertain their problems and needs, and assigned personnel to respond to and remedy high water complaints. Assuming these facts to be true, they do not address the question of whether the county acted reasonably in failing to clean or maintain the ditch again before this accident. We believe this factual question requires further proceedings. Accordingly, we overrule appellee's assignment of error.

In summary, we have sustained appellants' first, second, third, fourth, and fifth assignments of error and overruled appellee's only assignment of error and therefore reverse the summary judgment granted by the trial court and remand this cause for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

STEPHENSON, P.J., and KLINE, J., concur.