OPINION
This appeal concerns whether a real estate investment trust ("REIT") is entitled to deduct the dividends it pays to its shareholders in calculating its taxable income under the city of Columbus income tax ordinance.
Defendant-appellant, New Plan Realty Trust, owns, operates and manages real estate investments throughout the United States. For federal income tax purposes, appellant qualifies as a REIT. To qualify for federal taxation as a REIT, appellant must distribute at least ninety percent of its real estate investment income to its shareholders. See Section 857(a)(1)(A), 26 U.S.Code. In turn, appellant is allowed to deduct the dividends it pays to its shareholders in computing its federal income tax. See Section 857(b)(2)(B), 26 U.S.Code.
In 1996, appellant owned one rental property in the city of Columbus. Plaintiff-appellee, city of Columbus, Division of Income Tax, assessed an income tax on the income from the rental property. Appellant disputed the assessment. Although appellant conceded that it was subject to Columbus income tax, it maintained that, as a REIT, it was entitled to deduct the dividends it paid to its shareholders in computing its taxable income under the Columbus ordinance. Appellant therefore contended that it owed no tax because it operated its Columbus rental property at a loss in 1996.
Appellee filed a complaint in the Franklin County Municipal Court to recover $6,558.89 in alleged income tax, plus penalties and interest. The parties filed cross motions for summary judgment, which were resolved in favor of appellee.
Appellant filed a notice of appeal and raises the following assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
In its assignment of error, appellant argues that the municipal court misinterpreted the taxation ordinance in Columbus City Code Chapter 361.
Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158,162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
As a matter of law, the dividends that appellant paid to its shareholders are not taxable income under the Columbus ordinance. Under the Columbus City Code, "taxable income" means "wages, salaries, commissions and other compensation paid by an employer * * * and/or the net profits from the operation of a business, profession or other enterprise or activity adjusted in accordance with the provisions of the chapter." (Emphasis added.) Columbus City Code 361.16. "Net profits," in turn, is defined as:
 * * * [T]he net gain from the operation of a business, profession, or enterprise or other activity (whether or not such business, profession, enterprise or other activity is conducted for profit or is ordinarily conducted for profit) after provision for all ordinary and necessary expenses either paid or accrued in accordance with the accounting system used by the taxpayer for federal income tax purposes * * *.
(Emphasis added.) Columbus City Code 361.09.
When faced with the task of construing a taxing statute, strict construction of the taxing statute is required and any doubt must be resolved in favor of the taxpayer. Gulf Oil Corp.v. Kosydar (1975), 44 Ohio St.2d 208, 218; Accountant's ComputerServices v. Kosydar (1973), 35 Ohio St.2d 120, 126; B.F. Goodrichv. Peck (1954), 161 Ohio St. 202, paragraph three of the syllabus. Accordingly, this court must resolve ambiguities in the relevant code provisions in appellant's favor.
The Columbus City Code directs the taxpayer to calculate its taxable income in the manner used to calculate net profits under the "accounting system used * * * for federal income tax purposes." The Columbus City Code is silent as to the definition of this phrase. The term "accounting system," however, is broad enough to encompass more than the cash or accrual method of accounting, as appellee argues. Resolving ambiguities in the taxpayer's favor, this court concludes that, under the language of Columbus City Code 361.09, appellant is entitled to deduct from net profits the dividends it distributed to its shareholders because appellant is allowed to deduct paid dividends for federal taxation purposes. See Section 847(b)(2)(B), 26 U.S.Code.
Appellee's reliance on City of Columbus v. White (May 15, 1980), Franklin App. No. 80AP-58, unreported, is misplaced. The White court refused to allow an individual taxpayer to deduct certain expenses that he was permitted to deduct under the federal taxation statutes. Columbus City Code 361.09, however, defines "net profits" from the operation of "a business, profession, or enterprise," not for individual taxpayers. Moreover, Columbus City Code 361.19(a) and (b) expressly provide that city tax will be levied on "all salaries, wages, commissions, and other compensation" earned by residents of the city or nonresidents working in the city. Columbus City Code 361.19 makes no mention of the federal income tax accounting system. White, therefore, is simply not instructive on the taxation of a REIT.
For the foregoing reasons, appellant's assignment of error is sustained, and the judgment of the Franklin County Municipal Court is reversed.
DESHLER and KENNEDY, JJ., concur.