OPINION
Terry Cotrell appeals from a judgment of the Miami County Court of Common Pleas, which granted the City of Piqua's motion for summary judgment on Cotrell's claim that certain city ordinances were unenforceable because they conflicted with provisions of the Ohio Revised Code.
Cotrell owns residential property at 301 Gordon Street in Piqua and, in early 2000, a tenant was renting the property from him. On April 5, 2000, the city notified Cotrell that a nuisance existed on his property due to an accumulation of trash and debris, including paper, diapers, and a couch. The notice informed Cotrell that the nuisance "must be abated by * * * [c]leaning up and disposing of all trash and debris," and that if he did not do so, the city would abate the nuisance and bill Cotrell for the cost. Cotrell filed an administrative appeal in which he asserted that his tenant should be responsible for abating the nuisance because, pursuant to the Landlord Tenant Act, specifically R.C. 5321.05(A), the tenant had been responsible for disposing of all rubbish, garbage, and other waste in a clean, safe and sanitary manner. The hearing officer rejected this argument, noting that Cotrell had allowed the nuisance to persist by not exercising his right to evict the tenant and recover his cost. Thus, the hearing officer sustained the nuisance abatement order.
Cotrell appealed the hearing officer's decision to the trial court arguing that the Piqua nuisance ordinances conflicted with one another and with state statutes pertaining to landlord-tenant obligations. None of the facts were disputed. The city filed a motion for summary judgment, and the trial court granted the motion on July 20, 2000. Cotrell raises two assignments of error on appeal. Because these assignments turn on the same legal issue, we will address them together.
 I. SECTION 92.26 AND SECTION 92.25 OF THE CERTIFIED ORDINANCES OF THE CITY OF PIQUA, OHIO, ARE IN CONFLICT WITH ONE ANOTHER, AND WITH OHIO REVISED CODE 5321.05(A)(1)(2) [SIC], A GENERAL LAW OF THE STATE OF OHIO, AND AS SUCH ARE UNENFORCEABLE.
 II. SUMMARY JUDGMENT MAY NOT BE GRANTED UNLESS THE MOVING PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. Our review of the trial court's decision to grant summary judgment is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162.
Piqua Code 92.25 states that:
 No person * * * shall create or maintain a public nuisance within the corporate limits of the city, such as but not limited to any unimproved or improved lot on which there is any structure which is susceptible to fire, endangers life, health, or property by reasons of disrepair, dilapidated condition, * * * or for any other reason such as harboring rats, vermin, or disease.
Piqua Code 92.26(B) provides that if the existence of a nuisance is reported by a citizen and confirmed by an agent of the city, "the inspecting official shall notify the owners of the property on which the nuisance exists * * * that a public nuisance exists and must be abated within thirty (30) days * * * or sooner if conditions warrant."
Cotrell claims that these ordinances conflict because "a tenant who falls with [sic] the category of `person' under Section 92.25, can not [sic] be notified of the existence of a nuisance under the provisions of Section 92.26." Cotrell misreads the ordinances. Piqua Code 92.26 requires notice to the owner, but it does not prohibit notice to the tenant. More importantly, we find no genuine issue of material fact as to the existence of a conflict in the city's positions that no person shall create a nuisance but that the owner of property shall be held ultimately responsible for the abatement of a nuisance that exists there. Cotrell obviously thinks that the city should hold each person solely responsible for the nuisances he creates, but the city made a reasonable choice to hold landowners responsible for the abatement of nuisances. The provisions enacted by the city to this end do not conflict.
Cotrell also claims that Piqua Code 92.28 conflicts with R.C. 5321.05(A). Section 92.28, when read in conjunction with Sections 92.29 and 92.30, permits the city to abate a nuisance if the owner fails to do so and to assess the cost of abatement to the owner. R.C. 5321.05(A)(1) and (2) provide that a tenant who is a party to a rental agreement shall keep the premises that he occupies and uses safe and sanitary and shall dispose of all rubbish, garbage, and other waste in a clean, safe, and sanitary manner. Cotrell claims that the city's ordinance, which purports to hold the owner responsible for a nuisance caused by rubbish at a rental property, conflicts with R.C. 5321.05(A)(1) and (2), which impose an obligation upon the tenant to refrain from creating such conditions. We disagree.
R.C. 5321.04(A) and R.C. 5321.05(A) set forth the obligations of the landlord and the tenant to one another that are created by virtue of the rental agreement, and R.C. 5321.04(B) and 5321.05(C)(1) set forth the remedies available to each party in the event of the other party's breach of those obligations. R.C. 5321.05(C)(1) provides that, inter alia, a landlord "may recover any actual damages which result from [a tenant's] violation together with reasonable attorneys fees." Thus, if the city were to abate the nuisance on Cotrell's property and assess the costs against him, R.C. 5321.05(C)(1) would clearly permit Cotrell to take action against his tenant to recover the costs.
The city is not a party to a landlord-tenant agreement and has no rights thereunder. As such, it is not unreasonable for the city to hold an owner responsible for a nuisance existing at his property. The owner's obligation to the city is not inconsistent with the tenant's obligation to the owner. The owner may take action against the tenant on his own behalf for any actual damages incurred; the city is not required to enforce the tenant's obligation. Thus, there is no genuine issue as to whether the city ordinance requiring an owner to abate or pay for the abatement of a nuisance conflicts with landlord-tenant law requiring a tenant to keep the property in a safe and sanitary condition.
The assignments of error are overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.