OPINION
{¶ 1} Plaintiffs-appellants, Maurice and Florence Fuerst, appeal from the judgment of the Franklin County Court of Common Pleas granting summary judgment for defendant-appellee, United Ohio Insurance Company. For the following reasons, we affirm.
 {¶ 2} On January 10, 1999, Mandy Shoup was fatally injured in a vehicular accident. At the time of the accident, Ms. Shoup's maternal grandparents, appellants Maurice and Florence Fuerst, were insured under a homeowner's policy issued by appellee. On January 10, 2001, appellants joined a lawsuit asserting negligence against the alleged tortfeasor and demanding uninsured motorist coverage from a number of insurers, including appellee.
 {¶ 3} On June 15, 2001, appellee moved for summary judgment against appellants, arguing that appellants were not entitled to uninsured motorist coverage pursuant to their homeowner's policy. After determining that R.C. 3937.18, as amended by H.B. No. 261, controlled, the trial court concluded that the homeowner's policy was not an "automobile liability or motor vehicle liability policy of insurance" and, thus, uninsured motorist coverage did not arise by operation of law. Accordingly, the trial court granted appellee's summary judgment motion. Appellants then filed this appeal.
 {¶ 4} Although this appeal was originally filed against appellees, United Ohio Insurance Company, Republic Franklin Insurance Company, and Fireman's Fund Insurance Company, appellants, Edward and Kathleen Burden, voluntarily dismissed their claims against Republic Franklin Insurance Company and Fireman's Fund Insurance Company during the pendency of the appeal.
 {¶ 5} On appeal, appellants assign the following errors:
 {¶ 6} "[1.] The trial court erred in finding that the commercial general liability policy issued by Defendant Republic Franklin Insurance Company did not provide uninsured motorist coverage.
 {¶ 7} "[2.] The trial court erred in finding that the business auto policy issued by Defendant Republic Franklin Insurance Company did not provide uninsured motorist coverage.
 {¶ 8} "[3.] The trial court erred in finding that the homeowner's policy issued by Defendant United Ohio Insurance Company, a/k/a Ohio Mutual Insurance Group did not provide uninsured motorist coverage."
 {¶ 9} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 10} As appellants Edward and Kathleen Burden have voluntarily dismissed their claims against appellee Republic Franklin Insurance Company, only appellants' third assignment of error remains pending. By appellants' third assignment of error, they argue that their homeowner's policy is an "automobile liability or motor vehicle liability policy of insurance," as defined in R.C. 3937.18(L). Appellants further argue that, because appellee failed to offer uninsured motorist coverage as part of the instant policy, that coverage arises by operation of law. Therefore, appellants conclude that they are entitled to damages for their granddaughter's wrongful death pursuant to their homeowner's policy.
 {¶ 11} Preliminarily, we note that the parties stipulated before the trial court that the homeowner's policy "was originally issued to the Fuersts after September 4, 1997." The effective date of the policy, as stated on the declarations page, is August 13, 1998. Because the statutory law in effect at the time the parties initially entered into the contract of insurance determines the parties' rights and duties under an insurance policy, we conclude that R.C. 3937.18, as amended effective September 3, 1997 by H.B. No. 261, is controlling. Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus.
 {¶ 12} Pursuant to the version of R.C. 3937.18, enacted by H.B. No. 261, "automobile liability or motor vehicle liability policy of insurance" was defined as:
 {¶ 13} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof financial responsibility is defined by division (K) of Section 4509.01, for owners or operators of the motor vehicles specifically identified in the policy of insurance;
 {¶ 14} "(2) Any umbrella liability policy of insurance."
 {¶ 15} First, appellants argue their homeowner's policy is an "automobile liability or motor vehicle liability policy of insurance" under R.C. 3937.18(L)(1) because the policy could serve as "proof of financial responsibility" due to the extension of limited liability coverage via the "residence employee" exception. Contained in "Section II — Exclusions," the "residence employee" exception provides that liability coverage is available to a residence employee injured while maintaining, using, loading or unloading "motor vehicles * * * owned or operated by or rented or loaned to an insured." However, this argument is unavailing.
 {¶ 16} In Gibbons-Barry v. Cincinnati Ins. Co., Franklin App. No. 01AP-1437, 2002-Ohio-4898, at ¶ 42-43, we held that the inclusion of a "residence employee" exception identical to the subject exception does not transform a homeowner's policy into "proof of financial responsibility," as defined by R.C. 4509.01(K). Further, we determined that such a "residence employee" exception fails to "specifically identify" any motor vehicle. Id. at ¶ 44. See, also, Dixon v. Professional Staff Mgmt., Franklin App. No. 01AP-1332, 2002-Ohio-4493, at ¶ 33. Consequently, we conclude that the instant homeowner's policy is not an "automobile liability or motor vehicle liability policy of insurance" pursuant to R.C. 3937.18(L)(1).
 {¶ 17} Second, appellants argue that their homeowner's policy is an "automobile liability or motor vehicle liability policy of insurance" under R.C. 3937.18(L)(2) because it is an "umbrella liability of policy of insurance." Appellants support this argument by pointing to the policy's "Other Insurance" provision, which states that "[t]his insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy." This argument is also unavailing.
 {¶ 18} In Dixon v. Professional Staff Mgmt., supra, at ¶ 35-36, we held the mere inclusion of an "Other Insurance" clause identical to the instant clause did not qualify a homeowner's policy as an umbrella policy. An umbrella policy is a policy "that provides excess coverage beyond a primary policy and covers only those damages in excess of the coverage provided by all other applicable insurance policies." (Emphasis sic.) Id. at ¶ 36. Rather than providing excess coverage, an "Other Insurance" clause "merely apportions and prioritizes a loss when there is more than one primary policy." Id. See, also, Munoz v. Nationwide Fire Mutual Ins. Co., Lucas App. No. L-02-1105, 2002-Ohio-6186, at ¶ 10-11. Consequently, we conclude that the instant homeowner's policy is not an "automobile liability or motor vehicle liability policy of insurance" pursuant to R.C. 3937.18(L)(2).
 {¶ 19} Because the homeowner's policy is not an "automobile liability or motor vehicle liability policy of insurance" under either R.C. 3937.18(L)(1) or (L)(2), appellee was not required to offer uninsured motorist coverage as part of the policy. Therefore, we conclude that the uninsured motorist coverage does not arise by operation of law and, thus, appellants are not entitled to recover damages for their granddaughter's death under their homeowner's policy.
 {¶ 20} For the foregoing reasons, we overrule appellants' third assignment of error and affirm the judgment of the Franklin County Court of Common Pleas. Because appellants have voluntarily dismissed their claims against appellee Republic Franklin Insurance Company, appellants' first and second assignments of error are moot.
Judgment affirmed.