OPINION
{¶ 1} Michael Gallagher, who was doing business as Twin Creek Builders, is appealing the judgment of the Montgomery County Common Pleas Court, which granted summary judgment in favor of Timothy and Karen O'Connor.
 {¶ 2} In the summer and fall of 1999, the O'Connors contacted Gallagher to discuss remodeling their 1870s house. The O'Connors planned a significant remodeling effort, including remodeling their kitchen, rebuilding their first floor bathroom, and installing a new second story bathroom and bedroom. The O'Connors and Gallagher met at the O'Connors' home to discuss the remodeling and the terms of the contract. All of the negotiations and meetings between Gallagher and the O'Connors occurred at the O'Connors' home. Gallagher operated his business out of an office in his home. Gallagher stated in his deposition that his home office consisted of a computer and some business files. In his deposition, Gallagher further stated that his office does not have a separate entrance or separate telephone line. Further, there are no advertisements on Gallagher's property or in the yellow pages for his business. Yet, Gallagher filed an affidavit with his memorandum in opposition to summary judgment that stated his office included building materials, samples and product catalogs. Gallagher admits that he very rarely has customers to his office, but stated that this is done for a minimum of five percent of his business. Gallagher additionally had several employees that assisted him in the remodeling of the O'Connors' home.
 {¶ 3} On December 29, 1999, the O'Connors and Gallagher entered into a final contract that failed to contain a "Notice of Cancellation" as required by R.C. 1345.23. Moreover, at no point during the remodeling process did Gallagher provide the O'Connors with a writing containing a "Notice of Cancellation." The remodeling began on the O'Connors' home in July of 2000. The remodeling work was to have been completed by October 31, but the final inspection of the residence did not occur until January 2001. At this point, a dispute arose between the O'Connors and Gallagher regarding whether the remodeling project had been completed. The O'Connors created a "punch list" of items to be completed, but Gallagher refused to finish those items without an additional $12,090.29 over the $89,000 that Gallagher stated they had already paid.
 {¶ 4} On March 14, 2001, Gallagher filed a complaint against the O'Connors for breach of contract, seeking $12,090.29 plus costs, attorney fees, and interest. On April 26, 2001, the O'Connors notified Gallagher of their intent to cancel their contract with him. On April 27, 2001, the O'Connors filed their answer to the complaint and counterclaim, denying they owed Gallagher any additional funds and asserting that Gallagher had violated the Home Solicitation Sales Act, R.C. 1345.21, and the Ohio Consumer Sales Practices Act, R.C. 1345.01. On April 28, 2001, Gallagher received a notice of cancellation of the remodeling contract.
 {¶ 5} The O'Connors filed a motion for summary judgment stating the contract was governed by the Home Solicitation Sales Act, that Gallagher had failed to provide a notice of cancellation, that the O'Connors exercised their right to cancel the contract, and that Gallagher had failed to establish an exception to the Act. On November 27, 2001, the Magistrate issued a decision granting the O'Connors' motion for partial summary judgment. After a damages hearing, the court determined that the O'Connors had paid $72,985.77 to Gallagher for the remodeling work and $6,343.71 in reasonable attorney fees and expenses. Gallagher filed objections to the Magistrate's decision, but the trial court adopted the magistrate's decision on November 26, 2002 and granted judgment in favor of the O'Connors in the sum of $79,329.28 plus interest. Gallagher has filed this appeal from that judgment, raising the following assignment of error.
 {¶ 6} "The Trial Court Erred In Granting Summary Judgment To Defendant When Plaintiff's Affidavit And Memorandum In Opposition Raised A Genuine Issue As To A Material Fact."
 {¶ 7} Gallagher argues that his affidavit raised a genuine issue of material fact as to whether he met a statutory exception to the Home Solicitation Sales Act, and therefore, the trial court erred in granting the O'Connors' motion for summary judgment. We disagree.
 {¶ 8} Our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v. StateEmp. Relations Bd. (1997), 78 Ohio St.3d 181, 183, 1997-Ohio-221.
 {¶ 9} The Home Solicitation Sales Act is set forth in R.C. 1345.21
through R.C. 1345.23. A "Home Solicitation Sale" is defined in R.C.1345.21(A) as:
 {¶ 10} "* * * a sale of consumer goods or services in which the seller or a person acting for the seller engages in a personal solicitation of the sale at the residence of the buyer, including solicitations in response to, or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business. It does not include a transaction or transactions in which:
 {¶ 11} "* * *
 {¶ 12} "(4) The buyer initiates contact between the parties for the purpose of negotiating a purchase and the seller has a business establishment at a fixed location in this state where the goods or services involved in the transaction are regularly offered or exhibited for sale;
 {¶ 13} "Advertisements by such a seller in newspapers, magazines, catalogues, radio or television do not constitute the seller initiation of contact. * * *"
 {¶ 14} A party that seeks the protection of an exemption from a mandatory statute has the burden of proving the facts warranting the exception. State ex rel. Schaefer v. Board of Cty. Commrs. of MontgomeryCty. (1967), 11 Ohio App.2d 132. In order to fall within this exception, the seller must prove (1) that the buyer initiated the contact between the parties for the purpose of negotiating a purchase, (2) that the seller had a business establishment at a fixed location in Ohio, and (3) that the goods or services involved in the transaction were regularly offered or exhibited for sale at this fixed location. R. Bauer SonsRoofing v. Kinderman (1992), 83 Ohio App.3d 53.
 {¶ 15} In the instant case, neither party disputes that the O'Connors initiated the contact with Gallagher in order to purchase remodeling services on their home. However, the O'Connors argued to the trial court that Gallagher cannot prove that he either 1) had a business establishment at a fixed location in Ohio or 2) that the goods or services involved in the transaction were regularly offered or exhibited for sale at the fixed location.
 {¶ 16} This Court previously addressed the application of the exception found in R.C. 1345.21(A)(4) of the Home Solicitation Sales Act to a business run out of a home office in Clemens v. Duwel (1995),100 Ohio App.3d 423. In Clemens, a home remodeler, Clemens, contracted with Duwel to refinish a bathroom in Duwel's home. Id. at 423. Clemens had an office in his home from which he ran his company. Id. at 429. Clemens' office consisted of a drawing board, a desk, filing cabinets, and catalogs. Id. There was no separate entry to the office. Id. Additionally, Clemens engaged in no advertising, including no sign in front of his house nor a listing in the phone book. Id. Further, although Clemens had previously had customers come to his office to enter into a contract, this was not the regular practice. Id. This Court held that Clemens did not meet the exception to the Home Solicitation Sales Act found in R.C. 1345.21(A)(4) because he did not have a fixed business establishment. Id. at 430. We held that a "business establishment" should be a business location that is open to the public or at least some evidence that the consumer knew that there was a business location where he could go to complete the transaction. Id.
 {¶ 17} In contrast, Gallagher relies on Chegan v. AAAA ContinentalHeating, Air Conditioning Bldg. (Nov. 24, 1999), Cuyahoga App. No. 75190, in which a builder's home office was determined to be a business establishment at a fixed location. In Chegan, the builder's residence contained an office in a converted garage with a separate entrance and an adjacent showroom and another room dedicated to the business. Id. Moreover, the Chegan business advertised in the newspaper and in the yellow pages. Id. The business also had six phone lines dedicated strictly to the business. Id. The business address was on all of the documents and brochures originating from the business. Id. Furthermore, the location was frequented by subcontractors, employees, and customers and contained cabinets and construction samples. Id.
 {¶ 18} In determining whether Gallagher's home office amounted to a business establishment at a fixed location in Ohio, we will focus on our decision in Clemens. Like the contractor in Clemens, Gallagher cannot prove that his business was open to the public. Gallagher admits that he did not advertise in the yellow pages or have signage in front of his home. Further, like Clemens, Gallagher did not have an office with a separate entrance but had simply a room in his residence. Gallagher attempts to distinguish Clemens because his brochures and all of his documents that he provided to clients listed his residence on the page as the businesses address. However, nothing on the documents or brochures invites or informs clients that they may come to the address to complete their transactions with him. Despite Gallagher's arguments, this case is not similar to the Chegan case. Gallagher did not have a showroom where he exhibited samples. He did not advertise and had no phone lines dedicated to the business. Further, his home office was not frequented by employees, customers, or subcontractors. Chegan is not persuasive in this matter. Rather, this case is most similar to Clemens, and likewise was not a business open to the public.
 {¶ 19} In addition, Gallagher points to the following statement in his affidavit to argue that a genuine issue exists regarding whether the O'Connors knew that the transaction could be completed at his home office. In his affidavit, Gallagher stated, "all of my customers are made aware of my office location and that they may meet me there if they so desire." (Gallagher Aff. ¶ 2). Mere conclusory, self serving statements in an affidavit do not create a genuine issue of material fact as they do not meet the requirements of Civ.R. 56(E) that "affidavits shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence." See e.g. Lawson v. St. Anthony's Hosp. (Sept. 19, 1985), Franklin App. No. 85AP-334; Coleman v. Great LakesDredge Dock Co. (Aug. 23, 1990), Cuyahoga App. No. 57440. See, also, State v. Padgett (Dec. 10, 1999), Montgomery App. No. 17658. Therefore, Gallagher's affidavit does not amount to evidence that the O'Connors knew there was an office in Gallagher's residence to which they could go and complete their transaction. We do not find that Gallagher's business was either open to the public or that the O'Connors knew Gallagher's home office was available for meetings between the parties. No genuine issue of material fact remains as to whether Gallagher's home office amounted to a business establishment at a fixed location in Ohio and thus, Gallagher cannot meet the exception in 1345.21(A)(4).
 {¶ 20} Additionally, the R.C. 1345.21(A)(4) exception does not apply to Gallagher because the goods or services involved in this transaction were not offered or exhibited for sale at his home office. This Court addressed the issue of whether the goods and services involved in the transaction were regularly exhibited or offered for sale at a fixed location in Bauer, supra. Bauer involved an Ohio corporation that specialized in home remodeling. Bauer maintained a warehouse and a showroom at a fixed location. Id. at 55. In its showroom, the corporation displayed roofing, siding, shutters, windows, doors, roof vents, and other home remodeling products. Moreover, the corporation's warehouse was clearly marked and customers regularly came there to transact business. Id at 62. This Court held that through its showroom the corporation exhibited for sale at a fixed location the types of services in which the business engaged. Id. at 63. Thus, this Court held that the Bauer
corporation met the exception described in R.C. 1345.21(A)(4).
 {¶ 21} Gallagher's home office was unlike the business location inBauer, and therefore, he is unable to meet the third requirement of the R.C. 1345(A)(4) exception. Gallagher stated in his deposition that his office consisted of only a computer and some files. This is a stark contrast to Bauer in which the contractor had a showroom containing samples of the windows, roofing shingles, and patio door that he installed in the underlying contract. Gallagher's deposition testimony did not state that it contained any exhibits or samples of the products used in the O'Connors' home. Without some samples of the products he used or exhibits of his work, we cannot find that he exhibited the goods or services involved in this transaction at his home office. Based on his deposition testimony, no genuine issue of material fact remains as to whether Gallagher offered or exhibited the goods or services involved in this transaction at his home office. Since Gallagher cannot prove this third requirement, Gallagher cannot meet the exception to the Home Solicitation Sales Act found in R.C. 1345.21(A)(4).
 {¶ 22} In an attempt to prevent a grant of summary judgment, Gallagher filed an affidavit with his memorandum in opposition to summary judgment in which he stated that his office contained building materials, samples, and product catalogs. However, in DeVaughn v. City ofDayton, we stated that when a party has given clear, unambiguous answers to questions in a deposition that negate the existence of a genuine issue of material fact, a party cannot later create an issue to preclude summary judgment by creating an affidavit that contradicts the deposition testimony without an explanation. Montgomery App. No. 19333,2002-Ohio-6078, citing Bullock v. Intermodel Transp. Services, Inc.
(Aug. 6, 1986), Hamilton App. No. C-850720. Gallagher's deposition testimony removed the possibility of any genuine issue of material fact remaining as to whether Gallagher was offering or exhibiting the goods or services in this transaction at his home office. Gallagher cannot create an issue of fact on this point through his affidavit's statement that conflicts with his earlier deposition testimony without explanation. As no genuine issue of material fact remains as to whether Gallagher can meet the exception to the Home Solicitation Sales Act found in R.C.1345.21(A)(4), the trial court did not err in granting summary judgment.
 {¶ 23} The judgment of the trial court is affirmed.
FAIN, P.J. and WOLFF, J., concur.