DECISION
Plaintiff-appellant, Judith Ledbetter, alleges that she was bitten by a dog on July 1, 1998, while she was on the property located at 132 East Muskingum Road in Shawnee Hills, Ohio ("the property"). At the time of the incident, the property was owned by defendants-appellees, Ronald R. and Linda Seward and occupied by James and Deborah Cromlish. The Sewards were trying to sell the property, and they had listed it for sale with defendant-appellee, Emily Lloyd, a real estate agent, who worked for defendant-appellee, Prudential One, a real estate company.
The Prudential One receptionist, Jeanne DeWeese, generated a "showing card" for the property. The showing card indicated that James and Deborah Cromlish had to be present at all showings, and that two dogs would be on the property and tied up during all showings.
Susan Lee, a non-party to this action, was interested in purchasing the property. Lee asked her own real estate agent, defendant-appellee, Jeanne Favret, to arrange to show the property to Lee. Favret was an independent agent for defendant-appellee, Sorrell Company Realtors, a real estate company.
Favret contacted DeWeese, the Prudential One receptionist, to arrange for a showing. Favret arranged for Lee to see the property on July 1, 1998, at 3:30 p.m. Although she does not have specific recollection of the call, DeWeese testified that she would have informed Favret that the Cromlishes had to be present during the showing and that there would be dogs on the property during the showing. Favret testified, however, that, although she was told that someone would be at the property to let her and Lee in, she "had no knowledge that any dogs that might be present were to be tied up prior to or during any showing of the home." (Favret affidavit at paragraph 11.)
Lee asked her friend Judith Ledbetter to come along to the showing in order to share her opinion of the property with Lee. Ledbetter was the first one to arrive at the property. A young girl opened the door and told Ledbetter that the others had yet to arrive. While Ledbetter was waiting on the front lawn, one of the Cromlishes' dogs ran out of the house and bit Ledbetter on the forearm.
Ledbetter filed this lawsuit on August 26, 1999, naming Ronald R. and Linda Seward, James and Deborah Cromlish, Prudential One, Emily Lloyd, Sorrell Company Realtors and Jeanne Favret as defendants. Ledbetter obtained a default judgment against the Cromlishes, the residents of the property, for which she was awarded $30,000 in damages. The other defendants moved for summary judgment.
The trial court granted summary judgment in favor of the Sewards. In decisions rendered on May 16, 2000 and June 26, 2000, the trial court also granted summary judgment in favor of Prudential One, Emily Lloyd, Sorrell Company Realtors and Jeanne Favret (collectively, "the realtors"). As to the decisions in favor of the realtors, the court reasoned that: (1) these defendants were not liable under plaintiff's theory of premises liability negligence because they were neither owners nor possessors of the property; and (2) these defendants were not liable in strict liability under R.C. 955.28 because they were neither owners nor harborers of the dog.
In a motion for reconsideration, Ledbetter asserted that the trial court had not addressed Ledbetter's claims of ordinary negligence against the realtors. The trial court denied the motion, stating that "it is clear that the Plaintiff has only raised a statutory cause of action pursuant to R.C. 955.28 and a cause of action for negligence for failing to maintain the premises in a safe condition." The trial court concluded that Ledbetter had not asserted claims for ordinary negligence.
On appeal, Ledbetter argues that, in ruling on the motions for summary judgment, the trial court improperly failed to consider Ledbetter's claims for ordinary negligence against Prudential One, Emily Lloyd, Sorrell Company Realtors and Jeanne Favret. Ledbetter asserts the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 The trial court erred by disregarding appellant's negligence claim where appellant alleged that appellees had knowledge that the tenant owned dangerous dogs and negligently failed to take the necessary steps to arrange for the dogs to be secured prior to appellant's arrival at the premises.
 ASSIGNMENT OF ERROR NO. 2
 The trial court erred by granting summary judgment in favor of appellees when the affidavits established material issues of fact which precluded summary judgment.
Appellate review of summary judgment motions is de novo. Helton v.Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183. For the reasons that follow, we reverse the decisions of the trial court to the extent that they failed to address Ledbetter's claims of ordinary negligence against Prudential One, Emily Lloyd, Sorrell Company Realtors and Jeanne Favret.
By her first assignment of error, Ledbetter contends that the trial court erroneously failed to consider Ledbetter's claims that the realtors committed ordinary negligence for failing to take the steps necessary to arrange that the dogs be secured prior to a property showing.
Civ.R. 8(A) requires that a complaint "shall contain * * * a short and plain statement of the claim showing that the party is entitled to relief." In keeping with Ohio's liberal pleading requirement, "[a] party is not required to plead the legal theory of recovery or the consequences which naturally flow by operation of law from the legal relationship of the parties." Illinois Controls, Inc. v. Langham (1994),70 Ohio St.3d 512, 526. "All pleadings shall be so construed as to do substantial justice." Civ.R. 8(F).
In her complaint, Ledbetter alleged that the realtors were "engaged in efforts to exhibit and sell [the property] to any prospective purchasers." (Complaint at paragraph 4.) Ledbetter further alleged the following:
 8. Defendants, individually and collectively, were negligent by not making the premises safe for plaintiff, who was a business invitee thereon. It was reasonably foreseeable that a dog might attack a stranger coming to the door when opened by a young child. No adult or any other representative of the defendants was present to restrain the dog. Additionally, strict liability is established by Section 955.28, Revised Code.
We believe that the allegations in Ledbetter's complaint are sufficient to state a claim for ordinary negligence against the realtors. Moreover, the trial court acknowledged in its decisions that Ledbetter had argued that the realtors failed to warn Ledbetter about the dogs, an argument consistent with a theory of ordinary negligence. We therefore conclude that the trial court erred when it ruled that Ledbetter had not asserted claims for ordinary negligence against the realtors. Appellant's first assignment of error is sustained.
In her second assignment of error, Ledbetter contends that the trial court improperly granted summary judgment on her claims of ordinary negligence against the realtors in spite of genuine fact issues. On appeal, the parties argue about: (1) which facts were in front of the trial court when it considered the various motions for summary judgment; and (2) which cases are instructive on the issue of ordinary negligence.
We will not resolve these disputes on appeal, however, because we conclude that the trial court failed to consider the record before it in light of Ledbetter's claims of ordinary negligence. See Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 360 (noting that the trial court must "conduct a conscientious examination of the record to determine whether summary judgment is appropriate" under the proper legal standard). We therefore decline to determine at this juncture whether genuine issues of fact preclude summary judgment on Ledbetter's claims for ordinary negligence. We sustain appellant's second assignment of error to the extent that it alleges that the trial court failed to consider whether there were any issues of fact material to Ledbetter's claims of ordinary negligence.
On November 8, 2000, Ronald and Linda Seward filed a motion to dismiss Ledbetter's appeal as it pertains to the Sewards. In her notice of appeal, Ledbetter indicated that she was also appealing the trial court's decision granting summary judgment in the Sewards' favor. However, Ledbetter failed to advance any arguments in her appellate brief regarding the Sewards, and Ledbetter's counsel stated at oral argument that she did not intend to appeal the decision granting summary judgment in favor of the Sewards. In light of the representation by Ledbetter's counsel, we grant the Sewards' motion to dismiss.
For the foregoing reasons, we sustain Ledbetter's assignments of error and reverse the judgment of the trial court insofar as it failed to address Ledbetter's claims of ordinary negligence against Prudential One, Emily Lloyd, Sorrell Company Realtors and Jeanne Favret. We remand this case to the trial court for further proceedings consistent with this decision.
TYACK and PETREE, JJ., concur.