Ronald Keith Price appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of Joni L. Dyke on his claims of slander, libel, and intentional infliction of emotional distress.
It appears from the record that Price and Dyke were in a romantic relationship in 1998 and that at least two domestic violence charges were filed against Price during the relationship or after it ended. Dyke obtained a civil protection order in one case and the other case was dismissed.
On July 9, 1999, Price filed a complaint against Dyke, pro se, alleging slander, libel, and intentional infliction of emotional distress. In his slander and libel claims, Price alleged that Dyke had made false statements to friends and business associates that had damaged his reputation and had "maliciously caused pictures of an injury to her chin to be taken and displayed publicly" while attributing the injury to an act of domestic violence by Price. Price's intentional infliction of emotional distress claim was based on the alleged defamation, on an unspecified "outrageous *** violation of [his] personal rights [and] trust," and on "negligently or intentionally injuring him by potentially exposing him to AIDS, Hepatitis, or Herpes."
Dyke filed a motion to dismiss which was overruled by the trial court. She then filed a motion for summary judgment. Dyke's motion for summary judgment was not accompanied by any documentary evidence of the type described in Civ.R. 56(C). The trial court granted the motion for summary judgment on April 25, 2000.
Price raises two assignments of error on appeal, which we will consider together.
 I. THE TRIAL COURT ERRED BY ENTERING SUMMARY JUDGMENT AGAINST PLAINTIFF.
 II. THE TRIAL COURT ERRED BY ENTERING SUMMARY JUDGMENT AGAINST PLAINTIFF IN VIOLATION OF THE LAW AND PRECEDENT REQUIRED FOR A CORRECT SUMMARY JUDGMENT.
 Price claims that, in granting summary judgment, the trial court did not view the facts in the light most favorable to him and instead "totally distort[ed]" the complaint at the urging of defense counsel. Price claims that his complaint gave Dyke adequate notice of his claims against her.
Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. Our review of the trial court's decision to grant summary judgment is de novo. Helton v. Scioto Cty. Bd. of Commrs.
(1997), 123 Ohio App.3d 158, 162.
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293. The supreme court has held that:
 The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.
 (Emphasis sic.) Id. at 293. In other words, the non-moving party has no obligation to respond to a motion for summary judgment by raising or otherwise supporting the factual allegations in his complaint unless the moving party has satisfied its initial burden of demonstrating that there were no genuine issues of material fact. Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 147. If the moving party does satisfy its initial burden, "the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293; see Civ.R. 56(E).
Price asserts that Dyke was not entitled to summary judgment on his slander claim. In her motion, Dyke claimed that she was entitled to summary judgment on the slander claim because Price had "failed to state what alleged statement to friends and business associates were [sic] made by [Dyke]" which had damaged Price's reputation. In other words, Dyke claimed only that Price had failed to state his claim with sufficient specificity. Price's claim, however, was not one that he was required to plead with specificity. See Civ.R. 9. Moreover, Dyke did not identify portions of the record that demonstrated the absence of a genuine issue of material fact on a material element of Price's claim, as required byDresher. As such, Price had no obligation to respond by supporting his factual allegations. See Kulch, 78 Ohio St.3d at 147. Dyke was not entitled to summary judgment on Price's slander claim.
Price also claims that summary judgment on his libel claim was inappropriate. In his complaint, Price stated that Dyke had maliciously caused pictures to be taken of an injury to her chin and had publicly displayed these pictures while attributing the injuries to Price's actions. He further claimed that, as a result of Dyke's actions, he had been subject to contempt "in the eyes of his friends and business associates." In her motion for summary judgment, Dyke stated that Price had "alleg[ed] essentially that pictures of an injury incurred by [Dyke] were provided to the prosecutor for purposes of prosecuting [Price] for domestic violence." She then responded to her characterization of the argument by stating that her communication with the prosecutor about the matter had been privileged.
Summary judgment on Price's libel claim was inappropriate because Dyke mischaracterized Price's claim, and thus did not directly respond to it. It is not apparent from Price's complaint that the communications at issue were with the prosecutor. To the contrary, Price asserts that the picture of Dyke's injury and her accompanying story of Price's involvement were shown and told to his friends and business associates. Thus, Dyke's assertion that her communication with the prosecutor about the injuries was privileged does not fully address Price's claim and does not point to evidence in the record demonstrating that there is no genuine issue of material fact. Further, it is unclear whether Dyke intended to assert that she had shown the picture only to the prosecutor. If properly supported, such an assertion might have satisfied Dyke's initial burden to show that there was no genuine issue of material fact on this claim and shifted the burden to Price to show with greater specificity that other people had also been involved. See Dresher, 75 Ohio St.3d at 293. An assertion in a motion for summary judgment, however, is insufficient to create a genuine issue of material fact, and Dyke did not attach her own affidavit or any other evidence of the type listed in Civ.R. 56(C) to support an assertion that her communication had been only with the prosecutor. Thus, the trial court should not have granted summary judgment on Price's libel claim.
Finally, Price alleged intentional infliction of emotional distress based on Dyke's defamation of him and his fear that he might have contracted a sexually transmitted disease from Dyke. In her motion for summary judgment, Dyke claimed that Price had alleged "insufficient facts" to support this claim and that, to the extent that her actions had related to the filing of domestic violence complaints against Price, Dyke had been entitled to communicate about them. As we discussed with Price's claim for libel, however, Price's complaint was not limited to remarks that were related to the prosecution of a criminal complaint. The lack of specificity in the pleadings did not entitle Dyke to summary judgment on this issue because she had failed to point to evidence in the record which demonstrated the absence of a genuine issue of material fact. Thus, summary judgment was also inappropriate on the intentional infliction of emotional distress claim.
The assignments of error are sustained.
The judgment of the trial court will be reversed and the matter remanded for further proceedings consistent with this opinion.
WOLFF, PJ., and GRADY, J., concur.
(Hon. George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
 ____________ Glasser, J.,