DECISION
This is an appeal by plaintiff-appellant, George D. Miller, from a judgment of the Franklin County Court of Common Pleas, adopting a magistrate's decision finding in favor of defendant-appellee Louise Long on plaintiff's defamation claim.
On December 9, 1997, plaintiff filed a pro se complaint, naming as defendants Franklin County Children Services ("FCCS"), Angela Rodabaugh and Louise Long. Plaintiff's complaint alleged causes of action for libel and slander. More specifically, plaintiff alleged that he was denied visitation rights based on "fraudulent allegations which were defamatory," made by defendant Rodabaugh, a caseworker for FCCS, and defendant Long, the mother of minor Jordan Long.
Defendants FCCS and Rodabaugh filed an answer on January 15, 1998. Defendant Long filed a pro se answer on March 16, 1998.
On June 9, 1998, defendants FCCS and Rodabaugh filed a motion for summary judgment. Attached to the motion was the affidavit of Rodabaugh. On June 22, 1998, plaintiff filed a memorandum in opposition to defendants' motion for summary judgment. On September 15, 1998, plaintiff filed a "notice of filing of discovery contra defendant's motion for summary judgment." In response, defendants filed a motion to strike.
By decision and entry filed January 15, 1999, the trial court sustained the motion for summary judgment filed by defendants FCCS and Rodabaugh. The trial court also sustained defendants' motion to strike plaintiff's notice of filing of discovery contra defendants' motion for summary judgment.
Plaintiff's remaining claim for defamation against defendant Long was referred to a magistrate of the trial court. On July 8, 1999, the magistrate issued a decision, finding that plaintiff had failed to prove, by a preponderance of the evidence, that defendant Long had defamed him. On July 15, 1999, plaintiff filed an objection to the magistrate's decision. By entry filed November 3, 2000, the trial court adopted the decision of the magistrate.
On appeal, plaintiff sets forth the following assignment of error for review:
 THE COURT ERRED IN GRANTING DEFENDANT-APPELLEE, LOUISE LONG MOTION FOR SUMMARY JUDGMENT IN LIGHT OF PLAINTIFF-APPELLANT GEORGE MILLER POINTING OUT THAT GENUINE ISSUES AS TO MATERIAL FACT DOES EXIST WHENEVER PLEADINGS, AFFIDAVITS, DEPOSITIONS, INTERROGATORIES ARE IN CONFLICT.
At the outset, we note that the arguments in plaintiff's brief are confusing and difficult to construe. Plaintiff's assignment of error asserts that the trial court erred in granting summary judgment in favor of defendant Long. The record indicates, however, that summary judgment was not granted in favor of defendant Long; rather, plaintiff's claim for defamation against defendant Long came before a magistrate for a jury waived trial on the merits. As noted under the facts, summary judgment was granted in favor of defendants FCCS and Rodabaugh; however, it is difficult to ascertain from plaintiff's brief whether he is challenging on appeal the trial court's summary judgment decision that merged into the court's November 3, 2000 judgment adopting the magistrate's decision.
To the extent that plaintiff's assignment of error appears to challenge the judgment entered in favor of defendant Long, we will initially address the propriety of the trial court's adoption of the magistrate's decision. The magistrate's decision, finding in favor of defendant Long, states in pertinent part:
 The Magistrate finds that Plaintiff George Miller has failed to prove by a preponderance of the evidence that Defendant Louise Long defamed him. Plaintiff's case consists of speculation and suspicion that Defendant made certain statements about him in the course of a FCCS investigation. Defendant denies making such allegations. There was no independent evidence that any false statements were made to FCCS. While Plaintiff may feel that FCCS failed to conduct its investigation in a fair and evenhanded fashion, or that the Juvenile Court may have erred in the handling of certain issues, neither of those circumstances rises to the level of proof that Defendant Long defamed him.
In the present case, plaintiff has failed to provide a transcript of the proceedings before the magistrate. The duty to provide a transcript for appellate review falls upon the appellant inasmuch as the appellant bears the burden of showing error by reference to matters in the record. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Further, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
Thus, because plaintiff failed to provide this court with portions of the record necessary for resolution of the assigned error, we presume the regularity of the proceedings below and affirm. Accordingly, we find no error in the trial court's adoption of the magistrate's decision finding in favor of defendant Long.
Assuming that plaintiff's brief also challenges the trial court's grant of summary judgment in favor of defendants FCCS and Rodabaugh, we will next address the propriety of that judgment. Appellate review of a summary judgment is conducted under a de novo standard, and we review the judgment independently and without deference to the decision of the trial court. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158,162.
In State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509,511, the Ohio Supreme Court noted:
 * * * Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * *
A party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies its initial burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.
In support of their motion for summary judgment, defendants submitted the affidavit of defendant Rodabaugh. In the affidavit, Rodabaugh averred the following. In July 1997, Rodabaugh was a caseworker for FCCS, and on July 23, 1997, she received a referral of sexual abuse allegations involving a minor, Jordan Long. Rodabaugh investigated the matter as part of her duties, including interviewing the minor and the minor's mother, defendant Long. Following the interview with the minor, Rodabaugh was unsure whether the child's father or grandfather was the alleged perpetrator of the abuse.
Rodabaugh subsequently interviewed the child's grandfather, who gave Rodabaugh a photograph of himself. Rodabaugh also supervised a visit between the plaintiff and the child, at which time the plaintiff declined to supply a photograph to Rodabaugh. Defendant Long later supplied a photograph of the plaintiff to Rodabaugh. After showing the photographs to the minor and asking which man was the alleged perpetrator, the child pointed to the picture of plaintiff.
In the affidavit, Rodabaugh averred that she "did not make any false public statements about George Miller during any of these duties." Rodabaugh further averred that all of the decisions she made involving the minor "were made in the utmost good faith," and that she "always tried to honestly assess the situation at hand and fulfill my duty to protect the minor child's interests while following FCCS's policies and procedures."
In response to defendants' motion for summary judgment, plaintiff filed an affidavit in which he averred that, "all allegations contained in [the] complaint are true." Plaintiff further averred that he was "ridiculed," and "subjected to cruel remarks" by Rodabaugh.
In its decision finding in favor of defendants on plaintiff's claim for defamation, the trial court held in pertinent part:
 * * * Based on this Court's review of the affidavit of Rodabaugh, the Court finds that Defendants satisfied their initial burden of showing that Plaintiff has no evidence to support his claim that the Defendants made a false statement of fact about Plaintiff. Based on this Court's review of Plaintiff's memor-andum in opposition, and the affidavit of George Miller attached thereto as an exhibit, the Court finds that Plaintiff does not specifically address Defendants' evidence relative to this point and does not affirmatively refute Defendants' properly supported contention. Because Plaintiff fails to satisfy his reciprocal burden under Civil Rule 56(F) of demonstrating a genuine issue of material fact, the Court finds Defendants' argument that no action for defamation lies against Defen-dants to be persuasive. * * *
The trial court further found, as to plaintiff's remaining claims, that defendants were entitled to immunity pursuant to R.C. Chapter 2151. The trial court noted that plaintiff did not allege in his complaint that defendants willfully, recklessly or wantonly disregarded his rights, and further noted that defendant Rodabaugh averred in her affidavit that she investigated the sexual abuse allegations in good faith and in accordance with FCCS's policies and procedures.
Upon review, we find no error in the trial court's grant of summary judgment in favor of defendants. In order to establish defamation, a plaintiff must show: "(1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the required degree of fault in publishing the statement." Pollock v. Rashid (1996),117 Ohio App.3d 361, 368.
By submission of affidavit, defendants made a prima facie showing that no false statement was made. In response, plaintiff submitted his own affidavit merely asserting that "all allegations contained in [the] complaint are true." Such an assertion is nonevidentiary, and "[i]n accordance with Civ.R. 56(E), `a nonmovant may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial.'" Coats v. Cuyahoga Metropolitan Housing Authority (April 12, 2001), Cuyahoga App. No. 78012, unreported. Here, the trial court properly held that plaintiff's evidence was insufficient to defeat defendants' showing of no false statement.
Further, we agree with the trial court's determination that defendants are immune from liability pursuant to R.C. 2151.421(G), as there were no allegations that defendants conducted the investigation of alleged sexual abuse in bad faith or with willful, reckless or wanton disregard of plaintiff's rights. See Brodie v. Summit Cty. Children Services Bd. (1990), 51 Ohio St.3d 112, paragraph one of the syllabus ("[o]fficers or agents of a children services bureau are immune from civil liability for the exercise of discretionary functions unless a plaintiff challenging the public officer's good faith can show that the official acted in willful, reckless or wanton disregard of rights established under law").
In the present case, defendants met their initial burden to show there was no genuine issue of fact as to the allegation that defendants defamed plaintiff by making false statements. Because plaintiff failed to meet his reciprocal burden to demonstrate that there was a genuine issue of material fact, the trial court properly granted summary judgment in favor of defendants FCCS and Rodabaugh.
Based upon the foregoing, plaintiff's assignment of error is overruled and the judgment of the trial court is hereby affirmed.
 __________________ DESHLER, J.
PETREE and LAZARUS, JJ., concur.