DECISION
{¶ 1} Defendants-appellants, Steven L. Block fdba Block's Bagel Factory, Inc. ("Block's Bagel") and Steven L. Block ("Block"), appeal from a judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee, City of Columbus.
 {¶ 2} This is an action by a municipality to recover delinquent withholding taxes along with applicable interest and penalties. By its complaint, appellee alleges that Block's Bagel failed to pay the full amount of withholding taxes owed to the city for the third and fourth quarters of 1997, and for a portion of the first quarter of 1998. Appellee seeks to impose personal liability on appellant pursuant to Columbus City Code 361.24(h). Appellee contends that appellant owes the city $17,371.26.
 {¶ 3} Block's Bagel was a retailer and wholesale distributor for food and food products with its principal place of business in Columbus. Block was the last president of Block's Bagel and a shareholder in the closely held corporation. Financial difficulties forced the company into receivership on March 20, 1998. The receiver eventually sold the assets and closed the company.
 {¶ 4} Pursuant to Columbus City Code 361.19, the city of Columbus imposes a tax of two percent per annum on the salaries, wages, commissions and other compensation earned by persons who work or live in the city. The city requires employers to withhold the tax from their employees' compensation, and to make and file a form showing the amount of tax deducted. See Columbus City Code 361.24.
 {¶ 5} Block, as president of Block's Bagel, signed an Employer's Quarterly Return of City Tax Withheld form and filed it with the city on November 11, 1997. The form indicates that Block's Bagel had a withholding liability of $5,669.17 for the third quarter of 1997. Harland Geiger, supervisor of delinquent accounts for the city's income tax division, testified by affidavit that Block's Bagel stills owes a balance of $830.65 for the third quarter of 1997. Geiger further testified that Block's Bagel has an unpaid withholding liability of $5,156.74 for the fourth quarter of 1997, and an unpaid withholding liability of $4,138.22 for the portion of the first quarter of 1998 prior to the appointment of the receiver on March 20, 1998. Geiger further testified regarding the amount of interest and penalties due for the three quarters at issue.
 {¶ 6} In opposition to appellee's motion for summary judgment, Block testified by affidavit that, from July 1, 1997 through March 20, 1998, Block's Bagel employed a payroll company to compile payroll information and prepare tax returns. Block also submitted the affidavit of John Parisi, a certified public accountant, who opined that the city had failed to establish that Block is personally liable pursuant to Columbus City Code 361.24.
 {¶ 7} In granting appellee's motion for summary judgment, the trial court concluded that Block failed to present specific facts that would demonstrate a genuine issue of material fact with respect to appellant's personal liability. The court noted that, although Block's Bagel used a payroll company, appellant had not established that the payroll company was responsible for making and filing the tax forms with the city. The court further determined that Parisi was not qualified to offer a legal opinion regarding appellants' personal liability.
 {¶ 8} Appellants assert the following assignments of error:
 {¶ 9} "A. The Trial Court erred in ruling that Steven L. Block is the responsible officer of this corporation upon whom personal liability may be imposed for any and all of the tax returns, pursuant to C.C.C. § 361.24.
 {¶ 10} "B. The Trial Court erred in deeming Appellee's evidentiary documentation attached to Plaintiff's Motion for Summary Judgment as admissible.
 {¶ 11} "C. The Trial Court erred in allowing Appellee the opportunity to submit a second affidavit of Mr. Geiger with the Reply of Plaintiff City of Columbus, Division of Income Tax, to Defendant's Memoranda Contra Plaintiff's Motion for Summary Judgment, consisting of new evidence outside the scope of rebuttal and which the Appellant had no opportunity to challenge.
 {¶ 12} "D. The Trial Court erred in finding that no genuine issues as to any material fact exists and that summary judgment was proper in this case."
 {¶ 13} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 14} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 15} For clarity, we address appellants' assignments of error out of order. By their third assignment of error, appellants contend that the trial court erred when it denied appellants' motion to strike appellee's reply memorandum. Appellants contend that the trial court should have struck the reply memorandum and the accompanying affidavit by Harland Geiger because the memorandum and affidavit contained new evidence. We disagree.
 {¶ 16} "The trial court has broad discretion in the admission of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of a trial court." State v. Joseph (1995), 73 Ohio St.3d 450, 460. We conclude that, contrary to appellants' assertion, the revised affidavit attached to appellee's reply memorandum did not raise new facts or issues, or materially prejudice appellants. The affidavit contains the same substantive information that appellee presented in its initial memorandum in support of its summary judgment motion, and it includes identical attachments. By his second affidavit, Geiger merely corrected alleged shortcomings in the format of his first affidavit; in his second affidavit, Geiger thoroughly referenced the attached exhibits and demonstrated that he is competent to authenticate the documents and to testify about the facts asserted in his affidavit. Accordingly, we conclude that the trial court did not abuse its discretion when it overruled appellants' motion to strike the reply memorandum, and we overrule appellants' third assignment of error.
 {¶ 17} By their second assignment of error, appellants contend that the trial court erred when it considered Geiger's affidavit and accompanying documents. Appellants contend that the affidavit runs afoul of Civ.R. 56(E) and the rules of evidence, as Geiger's affidavit is devoid of any reference to or description of the attached exhibits. We conclude that Geiger's second affidavit, which accompanied appellee's reply memorandum, corrected the alleged deficiencies. Because we have already concluded that the trial court did not abuse its discretion when it accepted the second affidavit, we overrule as moot appellants' second assignment of error.
 {¶ 18} We address simultaneously appellants' first and fourth assignments of error, as they both pertain to the trial court's conclusion that appellee was entitled to judgment as a matter of law. By their first assignment of error, appellants contend that the trial court erred in ruling that Block is the responsible officer upon whom personal liability for Block's Bagel's tax obligations could be imposed pursuant to Columbus City Code 361.24(h). By their fourth assignment of error, appellants argue that the trial court erred in concluding that appellee met its burden of demonstrating that it is entitled to summary judgment on the issue of Block's personal liability under Columbus City Code 361.24(h).
 {¶ 19} Columbus City Code 361.24(h) provides, as follows, in pertinent part:
 {¶ 20} "The officer * * * having control or supervision of or charged with the responsibility of filing the report and making payment, is personally liable for failure to file the report or pay the tax due as required by this section. The dissolution of a corporation does not discharge an officer's * * * liability for a prior failure of the corporation to file returns or pay tax due."
 {¶ 21} In City of Columbus v. Mid Ohio Canopies, Inc. (Nov. 7, 1995), Franklin App. No. 95APG06-685, this court concluded that summary judgment imposing personal liability, pursuant to Columbus City Code 361.24(h), upon the president of a corporation was warranted where the president "did not deny the accuracy or the authenticity of the copy of the income tax quarterly return upon which his name appears as the officer responsible for the filing of the return." In the instant matter, Block does not deny the authenticity of his signature, as president of Block's Bagel, on the Employer's Quarterly Return of City Tax Withheld form, which was filed with the city on November 11, 1997. Although Block contends that he is not the responsible officer, he does not affirmatively set forth facts that would entitle him to prevail on this issue. Accordingly, we conclude that appellee is entitled to judgment as a matter of law. Appellants' first and fourth assignments of error are overruled.
 {¶ 22} For the foregoing reasons, appellants' first, third and fourth assignments of error are overruled, and appellants' second assignment of error is overruled as moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution