OPINION
{¶ 1} Elizabeth Ann Marie Hamilton ("Elizabeth") appeals from a judgment of the Darke County Court of Common Pleas, which granted summary judgment in favor of CNA Insurance ("CNA").
 {¶ 2} On May 26, 1990, Elizabeth was involved in a single-car automobile accident while she was a passenger in a car driven by Thomas G. Jones. The automobile was owned by Jones. Jones was insured by State Farm Insurance Company under a policy with a liability limit of $100,000 per person.
 {¶ 3} At the time of the accident, Elizabeth's mother, Linda Hamilton ("Mrs. Hamilton") was employed by Wayne Hospital Company ("Wayne Hospital"). CNA insured Wayne Hospital pursuant to a business auto policy with a liability limit of $1 million per accident. This policy did not provide uninsured motorist coverage, and no such coverage was offered to Wayne Hospital at the time it purchased the policy.
 {¶ 4} Elizabeth filed a complaint against CNA on June 25, 2001, arguing that she was an insured under the CNA policy and that uninsured motorist coverage should be provided by operation of law under R.C.3937.18. CNA filed a counterclaim seeking declaratory judgment that Elizabeth was not entitled to coverage under the policy it had issued to Wayne Hospital. On April 19, 2002, both CNA and Elizabeth filed motions for summary judgment. The parties filed agreed stipulations regarding the above facts. Both parties filed memoranda in response and reply memoranda. On August 13, 2002, the trial court granted CNA's motion and denied Elizabeth's motion.
 {¶ 5} Elizabeth appeals, raising one assignment of error.
 {¶ 6} "The trial court erred in finding that the plaintiff/appellant Elizabeth Ann Marie Hamilton was not an insured under the subject commercial auto policy and the trial court further erred in failing to find that UM/UIM coverage was impressed upon the subject commercial auto policy by operation of law for the benefit for [sic] the plaintiff/appellant."
 {¶ 7} Elizabeth argues that, pursuant to Scott-Pontzer v. LibertyMutual Fire Ins. Co. (1999), 85 Ohio St.3d 660, 1999-Ohio-292,710 N.E.2d 1116, and Ezawa v. Yasuda Fire Marine Ins. Co. (1999),86 Ohio St.3d 557, 1999-Ohio-124, 715 N.E.2d 1142, she is an insured under the policy issued by CNA to Wayne Hospital. CNA argues, and the trial court concluded, that Elizabeth is not an insured because she was not occupying a "covered auto" at the time of the accident and because the language of the policy does not extend the definition of an insured to family members of insureds.
 {¶ 8} Our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183, 1997-Ohio-221,677 N.E.2d 343; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
 {¶ 9} CNA appears to concede that uninsured motorist coverage exists by operation of law pursuant to R.C. 3937.18. Therefore, the only issue before us is whether Elizabeth is an insured under the policy and therefore entitled to such coverage. CNA argues that Elizabeth is not covered because the definition of "insured" under the policy is distinguishable from the language interpreted by the supreme court inScott-Pontzer. In Scott-Pontzer, the supreme court concluded that the following definition of "insured" included employees of a corporate named insured:
 {¶ 10} "Who Is An Insured
 {¶ 11} "1. You.
 {¶ 12} "2. If you are an individual, any family member.
 {¶ 13} "3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 14} "4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." Scott-Pontzer,85 Ohio St.3d at 663.
 {¶ 15} In interpreting the above policy language, the supreme court concluded that "you" could be interpreted to include employees of the corporation: "[I]t would be reasonable to conclude that `you,' while referring to [the corporation], also includes [the corporation's] employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons-including the corporation's employees." Id. at 664. Reviewing identical policy language, the supreme court concluded that coverage extended to family members of an insured inEzawa, supra.
 {¶ 16} In the case sub judice, we have the following definition of an insured:
 {¶ 17} "1. WHO IS AN INSURED
 {¶ 18} "The following are `insureds:'
 {¶ 19} "a. You for any covered `auto.'
 {¶ 20} "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow * * *.
 {¶ 21} "c. Anyone liable for the conduct of an `insured' described above but only to the extent of that liability."
 {¶ 22} Pursuant to the reasoning of Scott-Pontzer, the term "you" in the CNA policy would include employees of the corporation and therefore Mrs. Hamilton. However, CNA argues that Elizabeth is not an insured under the policy for two reasons: (1) the policy limits the definition of an insured to one occupying a covered auto and Elizabeth was not occupying a covered auto at the time of the accident, and (2) the policy, unlike that in Scott-Pontzer and Ezawa, does not extend coverage to family members of insureds. We need not address CNA's first argument because coverage is clearly precluded under its second. Assuming arguendo that coverage is not defeated because Elizabeth was not occupying a covered auto, Elizabeth is still not an insured under the policy because the policy does not include family members in its definition of an insured.
 {¶ 23} Elizabeth argues that Scott-Pontzer stands for the proposition that employees of a corporation are always insureds for the purpose of uninsured motorist coverage. She further argues that Ezawa
stands for the proposition that family members of employees are always included as insureds. She is mistaken in these arguments. The court inScott-Pontzer interpreted the definition of insured in the insurance policy at issue. Interpreting that definition according to rules governing the interpretation of insurance contracts, the court concluded that Pontzer was an insured under the policy. We have a different insurance policy before us, and we must interpret the language of that policy. The CNA policy does not extend coverage to family members of insureds.
 {¶ 24} We have previously discussed our interpretation of the supreme court's decision in Ezawa: "We do not read Scott-Pontzer andEzawa as including family members in the definition of `you' where the policy itself does not expressly include family members in its definition. Rather, we read Ezawa as applying the definition of an insured, which includes family members, in the context of Scott-Pontzer's definition of `you.'" Agudo de Uzhca v. Derham, Montgomery App. No. 19106, 2002-Ohio-1814. The policy at issue in this case does not include family members in its definition of insured, and there is no legal basis for doing so absent a provision in the policy. Elizabeth's reading ofEzawa as holding that family members of employees are always insureds for the purpose of uninsured motorist coverage is erroneous.
 {¶ 25} Therefore, we conclude that Elizabeth is not an insured under the CNA policy. Accordingly, she is not entitled to uninsured motorist coverage under the policy, and the trial court did not err in so holding.
 {¶ 26} The sole assignment of error is overruled.
 {¶ 27} The judgment of the trial court will be affirmed.
FAIN, P.J. and BROGAN, J., concur.