OPINION
{¶ 1} Plaintiffs-appellants, Clarence and Heather Flournoy, appeal from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Valley Forge Insurance Company ("Valley Forge"). For the following reasons, we reverse and remand.
 {¶ 2} On June 29, 2000, Clarence Flournoy's motorcycle was struck from behind by a vehicle driven by Paul B. Swetnam, III. At the time of the collision, Flournoy's motorcycle was stopped at a traffic light at the Bright and Sawmill Roads intersection in Columbus, Ohio. The impact of the collision threw Flournoy off his motorcycle and caused him to suffer injuries, including the fracture of his left leg.
 {¶ 3} On September 14, 2001, appellants filed suit against Mr. Swetnam, as well as various John Doe insurance companies. In the complaint, appellants alleged that Mr. Swetnam negligently collided with Flournoy's motorcycle and that Mr. Swetnam was an underinsured motorist.
 {¶ 4} At the time of the accident, Flournoy was employed by the city of Delaware, which had a commercial automobile insurance policy with Valley Forge. On September 25, 2001, appellants amended their complaint to include Valley Forge as a party and to add the claim that Flournoy was entitled to underinsured motorist coverage under the Valley Forge policy for the uncompensated losses he suffered as a result of the June 29, 2000 collision.
 {¶ 5} On June 28, 2002, Valley Forge filed a motion for summary judgment, arguing that Flournoy was not an insured under the Valley Forge policy because he was not occupying a "covered auto" at the time of the accident. Appellants responded with a cross-motion for summary judgment, filed on July 17, 2002. Appellants argued that Flournoy was an insured under the Valley Forge policy pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, and that the city of Delaware's rejection of an underinsured motorist coverage limit equal to the liability coverage limit was invalid.
 {¶ 6} On September 3, 2002, the trial court issued a decision and entry granting Valley Forge's motion for summary judgment and denying appellants' motion for summary judgment. The trial court determined that the Valley Forge policy denied recovery of underinsured motorist benefits to insureds who sustained bodily injury while occupying a vehicle that was not a "covered auto." The trial court then interpreted the Valley Forge policy as designating only those vehicles listed in the policy as "covered autos." Because Flournoy's motorcycle was not among those vehicles listed in the policy, the trial court concluded that it was not a "covered auto" and, thus, Flournoy was not entitled to recover underinsured motorist benefits. Appellants then filed this appeal.
 {¶ 7} On appeal, appellants assign the following errors:
 {¶ 8} "I. The trial court erred to the prejudice of the plaintiffs/appellants in finding that plaintiffs/appellants are precluded from underinsured motorist coverage under defendant/appellee's business auto policy because plaintiff/appellant's motorcycle does not qualify as a covered auto eligible for underinsured benefits.
 {¶ 9} "II. The trial court erred to the prejudice of plaintiffs/appellants in finding that the non-covered auto exclusion found within appellee's business auto policy precludes plaintiffs/appellants from underinsured motorist coverage.
 {¶ 10} "III. The trial court erred to the prejudice of plaintiffs/appellants in failing to hold that, as to appellee's business auto policy, no valid reduction of uninsured/ underinsured motorist coverage occurred, requiring the applicable uninsured/underinsured limits under appellee's policy to equal the stated liability limits, $1,000,000."
 {¶ 11} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 12} By appellants' first assignment of error, they argue that Flournoy's motorcycle qualifies as a "covered auto," making him eligible for underinsured motorist coverage under the Valley Forge policy. We agree.
 {¶ 13} In order to determine whether Flournoy is eligible for underinsured motorist coverage under the Valley Forge policy, we must first address whether Scott-Pontzer, supra, applies. By its decision in Scott-Pontzer, the Ohio Supreme Court enabled an employee to recover uninsured and underinsured motorist benefits under his employer's commercial automobile policy, even if the employee was not acting within the scope of his employment at the time he was injured in a vehicular accident. The policy at issue in Scott-Pontzer defined "[w]ho is an insured," in part, as "[y]ou," and defined "you" as "the [n]amed [i]nsured shown in the [d]eclarations." Because a corporation cannot occupy or operate a motor vehicle or suffer bodily injury or death, the court reasoned that the word "you," while referring to the employer corporation, also included the corporation's employees. Construing the policy liberally in favor of the insured, the court concluded that the employees of the insured corporation, including the plaintiff's husband, were insureds under the policy.
 {¶ 14} In the uninsured and underinsured motorist coverage endorsement to the Valley Forge policy, "[w]ho is an [i]nsured" is defined, in part, as "[y]ou." Like the definition of "you" in the policy at issue in Scott-Pontzer, "you" is defined in the Valley Forge policy as "the [n]amed [i]nsured shown in the [d]eclarations." Accordingly, based on the reasoning in Scott-Pontzer and the similarity between the language in the Scott-Pontzer policy and the language in the Valley Forge policy, we conclude that "you," as used in the Valley Forge policy, is ambiguous and must be construed liberally in favor of the insured. Thus, "you" must include the city of Delaware, the named insured, as well as city of Delaware employees, including Flournoy.
 {¶ 15} However, unlike the policy at issue in Scott-Pontzer, the declarations page of the Valley Forge policy limits the uninsured and underinsured motorist coverage to "covered autos" only. Thus, Valley Forge argues that Flournoy is not entitled to underinsured motorist coverage unless his motorcycle is a "covered auto."
 {¶ 16} Pursuant to Section I of the Valley Forge policy, "Item Two of the Declarations shows the `autos' that are covered `autos' for each of your coverages." Item Two specifies that:
 {¶ 17} "Each Of These Coverages Will Apply Only To Those Autos Shown As Covered Autos. Autos Are Shown As Covered Autos For A Particular Coverage By The Entry Of One Or More Of The Symbols From The Covered Auto Section Of The Business Auto Coverage Form Next To The Name Of The Coverage."
 {¶ 18} Next to "uninsured motorists" is symbol "02." Symbol 02 refers to "Owned `Autos' Only," or "[o]nly those `autos' you own * * *. This includes those `autos' you acquire ownership of after the policy begins."
 {¶ 19} As we stated above, pursuant to Scott-Pontzer, "you" must be construed to mean both the corporation and the corporation's employees. Accordingly, motor vehicles an employee owns are "covered autos." Because Flournoy owned the motorcycle he was riding at the time of the accident, it is a "covered auto," making him eligible for underinsured motorist coverage. See Buckley v. Wintering, Franklin App. No. 02AP-511, 2003-Ohio-824, at ¶ 45 (vehicle owned and driven by employee of the insured corporation at the time of the accident qualified as a "covered auto" when "covered autos" included "only those autos you own").
 {¶ 20} Valley Forge, however, argues that the meaning of the word "you" is unambiguous as it is used in the phrase "only those autos you own." Because corporations can and do own vehicles, Valley Forge argues that, in the context of the phrase "only those autos you own," "you" refers solely to the named insured, the city of Delaware. Thus, Valley Forge contends that only those vehicles owned by the city of Delaware are "covered autos." We disagree.
 {¶ 21} "If `you' is ambiguous in some parts of the policy, it should be considered ambiguous in all parts of the policy," particularly when the policy gives "you" the same meaning throughout the policy. Headley v. Grange Guardian Ins. Co., Mahoning App. No. 01-CA-130, 2003-Ohio-8, ¶ 42. See, also, Uzhca v. Derham, Montgomery App. No. 19106, 2002-Ohio-1814 ("a consistent interpretation of the word is preferable to ascribing it different meanings depending on where in the policy it appears"). Thus, once a court determines that Scott-Pontzer applies, the judicially-determined definition of "you" must be applied consistently throughout the policy. Niese v. Maag, Putnam App. No. 12-02-06, 2002-Ohio-6851, ¶ 11. See, also, Shaw v. State Farm Ins. Co., Cuyahoga App. No. 80471, 2002-Ohio-5330, ¶ 35 ("the definition of `you' imposed pursuant to the Supreme Court's finding in Scott-Pontzer must be applied throughout the entire uninsured/underinsured provision at issue"); United Ohio Co. v. Bird (May 18, 2001), Delaware App. No. 00 CA 31 ("[s]ince the Ohio Supreme Court has judicially defined the word, unless the policy of insurance provides a different definition * * *, we must apply the definition of `you' consistently throughout the policy").
 {¶ 22} Valley Forge's interpretation of the phrase "only those autos you own" would necessarily result in "you" having different meanings depending upon where it appears in the policy. In order to avoid introducing this additional ambiguity into insurance policies to which Scott-Pontzer applies, we decline to adopt Valley Forge's method of construction.
 {¶ 23} Valley Forge also argues that the inclusion of a list of vehicles entitled "Schedule of Covered Autos You Own"" in Item Three of the Declarations is evidence that Flournoy's motorcycle is not a "covered auto." Again, we disagree.
 {¶ 24} As we stated above, the Valley Forge policy lists "02" as the "auto description symbol" indicating the scope of the uninsured and underinsured motorist coverage. The Business Auto Coverage Form includes other auto description symbols, including symbol 7, which refers to "Specifically Described `Autos,' " meaning "[o]nly those `autos' described in Item Three of the Declarations for which a premium charge is shown." Valley Forge could have chosen to limit the uninsured and underinsured motorist coverage to the motor vehicles listed in Item Three by designating "07" as the operative symbol, but it did not. Thus, the absence of Flournoy's motorcycle from the Item Three "Schedule of Covered Autos You Own" has no bearing upon whether his motorcycle is a "covered auto" for purposes of uninsured and underinsured motorist coverage.
 {¶ 25} Finally, we note that, contrary to the parties' arguments, our analysis is not dependant upon Sturgeon v. State Farm Mut. Auto. Ins. Co., Franklin App. No. 02AP-228, 2002-Ohio-5411, or Roberts v. Wausau Business Ins. Co., Franklin App. No. 02AP-04, 2002-Ohio-4734. In both of those cases, this court held that a limitation of coverage to "owned autos only" was invalid under former R.C. 3937.18 when, by operation, it prevented insureds who were not occupying a vehicle owned by a named insured at the time of the accident from receiving underinsured motorist benefits. This court reached this conclusion based upon the statutory requirement that underinsured motorist coverage must be extended to insureds in the absence of certain permitted exclusions in the policy. See R.C. 3937.18 (as amended by H.B. 261). Because the "owned autos only" limitation is not a permitted exclusion, yet it would have operated in Sturgeon and Roberts to deny the statutorily mandated coverage, the limitation was invalid.
 {¶ 26} Here, unlike the insureds in Sturgeon and Roberts, Flournoy was occupying an "owned auto" at the time of the accident and, thus, he is eligible for underinsured motorist coverage under the Valley Forge policy. Because the "owned autos only" limitation does not prevent Flournoy from receiving underinsured motorist coverage, we need not address the validity of the limitation under former R.C. 3937.18.
 {¶ 27} Accordingly, we sustain appellants' first assignment of error.
 {¶ 28} By their second assignment of error, appellants argue that the "other owned vehicle" exclusion does not bar Flournoy's recovery under the uninsured and underinsured motorist provision. We agree.
 {¶ 29} The Valley Forge policy excludes from uninsured and underinsured motorist coverage:
 {¶ 30} "5. `Bodily Injury' sustained by:
 {¶ 31} "a. You while `occupying' or when struck by any vehicle owed by you that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form."
 {¶ 32} Thus, this exclusion, commonly known as an "other owned vehicle" exclusion, prevents recovery of underinsured motorist benefits if an insured is driving a vehicle owned by the insured that is not a "covered auto" at the time he sustains bodily injury.
 {¶ 33} In the case at bar, however, this exclusion does not prevent recovery because Flournoy was occupying a "covered auto," his own motorcycle, at the time of the accident. See Headley, supra, at ¶ 42 ("[s]ince a covered auto includes one owned by `you,' then the car Headley was driving is a covered auto making the exclusion inapplicable"); Monroe Guaranty Ins. Co. v. Kuba, Stark App. No. 2002CA00175, 2002-Ohio-7010, ¶ 32 ("[b]ecause the definition refers to `autos you own' and under Scott-Pontzer `you' includes Mrs. Kuba, we find the [other owned vehicle] exclusion * * * does not relieve [the insurer] of liability"). Accordingly, we sustain appellants' second assignment of error.
 {¶ 34} By appellants' third assignment of error, they argue that there was not a sufficient offer and rejection of an underinsured motorist coverage limit equal to the liability coverage limit in the Valley Forge policy. Thus, due to the absence of a valid rejection, appellants assert that the underinsured motorist coverage limit must equal the liability coverage limit, or $1,000,000.
 {¶ 35} Pursuant to Linko v. Indemn. Ins. Co. of N. Am. (2000),90 Ohio St.3d 445, in order for a rejection of underinsured motorist coverage to be valid, there must be a meaningful offer, one that contains a brief description of the coverage, the premium for that coverage, and an express statement of the uninsured and underinsured motorist coverage limits. In the case at bar, the parties do not dispute that the uninsured and underinsured motorist coverage offer form completed by the city of Delaware did not state any premium for the uninsured and underinsured motorist coverage. Accordingly, we conclude that the rejection is invalid.
 {¶ 36} Valley Forge, however, asserts that the Linko requirements were superceded by the amendments to R.C. 3937.18(C) enacted by H.B. 261. As Valley Forge's argument was explicitly rejected in Kemper v. Michigan Millers Mut. Ins. Co., 98 Ohio St.3d 162, 2002-Ohio-7101, ¶ 4, it is unavailing.
 {¶ 37} For the foregoing reasons, we sustain appellants' assignments of error. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
TYACK and BROWN, JJ., concur.