OPINION
{¶ 1} Plaintiffs-appellants, David Mullins and Bud Phillips, appeal from the judgment of the Franklin County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, Sizzle Marine, Inc. ("Sizzle Marine"), in this action for breach of a purchase contract for a 1998 Voyager pontoon boat and Mercury Mariner outboard motor. During the course of the action below, Lake Raider, Inc., manufacturer of the pontoon boat, and Brunswick Corp./Mercury Marine Division, manufacturer of the outboard motor, were joined as third-party defendants, and summary judgment was granted in their favor; however, appellants are appealing solely from the decision as to Sizzle Marine.
 {¶ 2} On May 27, 1999, appellants purchased a Voyager triple pontoon boat from Sizzle Marine, a boat dealership on Westerville Road in Columbus. The boat was sold as a package, meaning that it came with a trailer and an installed outboard motor when the boat was delivered to Sizzle Marine. It was Sizzle Marine's responsibility to connect the battery cables from the motor to the battery, which sat in a battery box specifically designed and sized for that particular type of battery. During appellants' first use of the boat, on May 31, 1999, the middle pontoon cracked and began taking on water, making the boat sluggish and difficult to maneuver. Appellants contacted Sizzle Marine regarding the problem, and it was determined that the crack had been caused by the absence of appropriate and necessary hull bracing on the trailer. Sizzle Marine fixed the crack and provided the appropriate bracing at no charge to appellants.
 {¶ 3} At about this time, appellants became aware of two manufacturer's notices from Mercury Marine, the manufacturer of the outboard motor. One notice, which had been sent directly to Sizzle Marine, indicated that:
 {¶ 4} "The port side power trim piston/rod assembly may have been incorrectly machined on some of the engines listed. This could cause the tilt relief valve function to become disabled, allowing the engine to trim past the clamp brackets at higher than normal propeller thrust.
 {¶ 5} "These outboards must have the port trim piston/rod assembly replaced to avoid a failure and to assure customer satisfaction."
 {¶ 6} The bulletin also stated that "[a]ffected outboards in dealer inventory MUST BE reworked prior to customer delivery." However, the 135 horsepower motor which came with appellants' boat was not one of the motors listed in the notice. The other notice, designated as "Service information Advisory 99-1," was sent directly to appellants, and advised that the boat should be returned to the dealer for installation of a conduit pin which would protect the motor cowling against chaffing of the power trim motor harness when the motor was being trimmed. The notice specifically stated the repair was only intended to improve the boating experience and was not a warranty recall. The advisory gave no information indicating that the design flaw could result in a fire or that it had been blamed for fires in the past. Appellants claim that, when they asked Sizzle Marine about these manufacturer's notices and inquired whether the motor on their boat was affected, they were informed that the 135 horsepower motor was included but that the repair had already been made. However, Sizzle Marine claims that they informed appellants that they would order the part and make the required repair, and that they did, in fact, order and receive the replacement part, but that appellants never returned the boat to them for the repair to be made.
 {¶ 7} On the next outing with the boat, appellants noticed that various electrical devices on board the boat had ceased functioning, and it was determined that the battery, which was allegedly new at the time of purchase, was corroded. Appellants went to nearby Alum Creek Marina and bought another battery, this time a "deep cycle" battery, which appellants hooked up themselves; however, the new battery was too large to fit in the battery box, and so was placed next to the battery box and was not strapped down. A few additional outings with the boat were problem-free. On the fourth outing in September 1999, as Phillips was lifting the motor slightly out of the water, in other words "trimming" the boat in order to facilitate a move into shallower waters, the battery cables caught fire, the battery casing melted, and the boat was rendered inoperable.
 {¶ 8} In December 2000, appellants filed their cause of action against appellees, seeking damages and/or a rescission of the purchase contract based upon their claim that Sizzle Marine had negligently installed the outboard motor, installed the wrong motor for the boat, did not provide paperwork, manuals or warranty information, negligently repaired the cracked pontoon, and failed to install a "trim stop" part which was the subject of a manufacturer's recall, all of which appellants allege proximately caused the fire and loss of use of the boat. On September 9, 2002, the trial court issued a decision and entry granting Sizzle Marine's motion for summary judgment.
 {¶ 9} Sizzle Marine has filed a motion to dismiss and memorandum in support on the grounds that appellants' notice of appeal was not timely. According to Sizzle Marine, the trial court granted summary judgment in favor of Sizzle Marine and third-party defendant Lake Raider, Inc. on September 9, 2002, when the court filed two separate documents entitled "Decision and Entry." In addition, the court granted a motion for summary judgment by Mercury Marine, memorialized in a decision and entry filed September 19, 2002. Sizzle Marine asserts these three entries were final appealable orders, so that appellants' notice of appeal on October 18, 2002, was out of rule. Appellants counter that the trial court's September 9, 2002 decision and entry granting appellee Sizzle Marine's motion for summary judgment was not a final appealable order because it was not stamped "final appealable order," nor did it contain the "no just cause for delay" language required by Civ.R. 54(B). Moreover, the claims against Mercury Marine remained outstanding and were not disposed of until the September 19, 2002 judgment entry granting Mercury Marine's motion for summary judgment. Thus, appellants claim the court's September 25, 2002 judgment entry, which had been prepared and circulated by counsel for Sizzle Marine, and in which the court granted Sizzle Marine's motion for summary judgment and dismissed the case with prejudice, was a final appealable order despite the fact that it lacked a "final appealable order" stamp and did not include Civ.R. 54(B) language. Appellants claim it was this order from which this appeal is taken.
 {¶ 10} This court only has jurisdiction to review final orders, and where a judgment does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B), the appeal must be dismissed. General Acc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17, 21. Pursuant to R.C. 2505.02, an order is final when it is "(1) [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment; [or] (2) [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"
 {¶ 11} It is well-settled that "[a]n order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." Noble v. Colwell (1989), 44 Ohio St.3d 92, syllabus. Nevertheless, "the absence of Civ.R. 54(B) language will not render an otherwise final order not final[,]" and where all claims and parties are adjudicated, Civ.R. 54(B) language is not required to make the judgment final. General Acc. Ins. Co., citing Commercial Natl. Bank v. Deppen (1981), 65 Ohio St.2d 65.
 {¶ 12} A review of the four judgment entries at issue here reveals that none of the four entries, taken individually, strictly complies with the requirements of R.C 2505.02 and Civ.R. 54(B). The entry of September 9, 2002, regarding Lake Raider, Inc. is stamped "FINAL APPEALABLE ORDER" and contains the talismanic language from Civ.R. 54(B) that there is "no just cause for delay"; however, the entry only addresses the claims regarding Lake Raider, and does not dispose of the action regarding the other two parties. The other entry dated September 9, 2002, which grants Sizzle Marine's motion for summary judgment, is neither stamped "final appealable order" nor contains Civ.R. 54(B) language, and, at that time, the action against Mercury Marine still remained pending. Similarly, the September 19, 2002 judgment entry grants Mercury Marine's motion for summary judgment, but, again, lacks a final appealable order designation and Civ.R. 54(B) language, although arguably, since it disposed of the claims against the last of the three defendant parties, it was a final appealable order. Finally, the judgment entry of September 25, 2002, states that the motion for summary judgment by Sizzle Marine is sustained and the case is dismissed with prejudice, but, again, no final appealable order language and no Civ.R. 54(B) language is included.
 {¶ 13} Despite the fact that there are deficiencies in each of these judgment entries, either because they lack the proper language or because they cannot have the desired effect of disposing of the entire case, reading them in conjunction with one another and construing them in the manner we presume was intended by the trial court, it would seem that the September 25, 2002 judgment entry was a final appealable order, and that appellants' appeal therefrom was timely. We say this because the other judgment entry regarding Sizzle Marine, dated September 9, 2002, could not have been a final appealable order — regardless of what language it contained — because, at that time, claims against Mercury Marine remained pending. It was only after the September 19, 2002 entry regarding Mercury Marine that all the claims and parties were adjudicated.
 {¶ 14} We agree with appellants that the judgment entries of September 9, 2002, did not qualify as final appealable orders, and that appellants properly filed their notice of appeal from the entry of September 25, 2002. Because appellants' notice of appeal was timely, we overrule Sizzle Marine's motion to dismiss.
 {¶ 15} Appellants now assign the following as error:
 {¶ 16} "I. The trial court erred when it awarded summary judgment in violation of Civil Rule 56(C)'s requirement that the evidence be construed in favor of the non-moving party, the plaintiff-appellants.
 {¶ 17} "II. The trial court erred in awarding summary judgment to Sizzle Marine when Sizzle Marine failed to meet the threshold requirement of Civil Rule 56(C) to establish that there was no genuine issue of material fact, and that Sizzle Marine was entitled to judgment as a matter of law.
 {¶ 18} "III. The trial court erred by holding plaintiff-appellants to a rebuttal burden of proof when defendant-appellee Sizzle Marine had failed to meet the threshold burden of proof required of a party moving for summary judgment.
 {¶ 19} "IV. The trial court erred by engaging in an impermissible weighing of the evidence, rather than construing it in the light most favorable to the plaintiff-appellant."
 {¶ 20} All four of appellants' assignments of error raise issue with the trial court's decision to grant summary judgment in favor of Sizzle Marine and will be addressed together.
 {¶ 21} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 22} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 23} In its decision and judgment entry granting Sizzle Marine's motion for summary judgment, the trial court found that appellants' response to the motion had relied upon an affidavit filed by Mullins which was "riddled with hearsay statements" which could not be considered by the court in ruling on the motion, and that the affidavit contradicted, without explanation, facts regarding the horsepower of the engine which came with the boat. Rejecting the affidavit as incompetent evidence, the court concluded that appellants had not raised genuine issues of material fact in their memorandum contra the summary judgment motion, and determined that reasonable minds could only conclude that Sizzle had not been negligent in "installing the motor, supplying the Plaintiffs with paperwork or performing repairs to the pontoon boat."
 {¶ 24} In its conclusions, the court stated that, "[e]ven construing the evidence against the Plaintiff, reasonable minds could come to but one conclusion and find that the Plaintiffs are not entitled to recover." Appellants' first assignment of error alleges that the court applied the wrong standard in determining the summary judgment motion because Civ.R. 56(C) specifically requires that the court construe the evidence in favor of the non-moving party. Our review of the record and the trial court's decision indicates that this statement by the court was most likely a typographical error, since the court's decision clearly indicates that it was aware of the appropriate standard, and that the court did, in fact, construe the evidence in a light most favorable to appellants.
 {¶ 25} Appellants also argue that the trial court erred by finding that Sizzle Marine had met its burden of proof by demonstrating that none of its actions had contributed to the problems with the boat which ultimately caused the fire. According to appellants, because the court acknowledged that the cause of the fire remains a genuine issue of fact when it stated that the court was being asked to determine the cause of the fire, the court applied an improper standard and summary judgment should not have been granted.
 {¶ 26} Our review of the record indicates that Sizzle Marine's motion for summary judgment points to deposition testimony by Sizzle Marine shop foreman Troy Winnestaffer, a trained technician certified to work on Mercury motors, stating that the new battery should have been covered and strapped down, and that, when the motor cowling was tilted, it came into contact with the battery terminals and caused the fire. According to Winnestaffer, if the battery had been properly installed, the contact between the motor and the battery could not have occurred, and the fire would not have resulted.
 {¶ 27} In response to Sizzle Marine's motion for summary judgment, appellants alleged only that:
 {¶ 28} "* * * The cause of the fire was the wiring being pinched and shorted out due to no trim stop on the tilt mechanism. It should be noted that the area where the batteries are stored is carpeted, and the boat deck is fiberglass, and the motor cupboard is plastic. Accordingly, Plaintiff believes common sense would dictate that contact of the battery — even if it were not strapped down as Defendant's [sic] allege — would not cause an electrical fire. Plaintiff's [sic] pictures which they will testify were taken the day after the accident clearly show the battery being strapped down and no burn damage to that particular area, which is consistent with their testimony that the fire occurred in the motor."
 {¶ 29} Appellants attached a purported affidavit by Mullins in which Mullins reiterates that the fire was caused by the lack of a trim stop, and not by the improper installation of the wrong size battery.
 {¶ 30} Pursuant to Civ.R. 56(C):
 {¶ 31} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 32} Civ.R. 56(E) provides, in part:
 {¶ 33} "(E) Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the Affiant is competent to testify to the matters stated therein. * * *"
 {¶ 34} The purported affidavit of Mullins does not meet the requirements of Civ.R. 56(E) in that it does not state it is made based on personal knowledge, relies on inadmissible hearsay and does not show Mullins is qualified to testify as to the cause of the fire. The purported affidavit is simply a notarized statement.
 {¶ 35} In his statement, Mullins states that "Roy" at Delaware Marine told him the cause of the fire was the lack of a trim stop (the part which had been subject to the manufacturer's notices), but the record is devoid of a deposition or affidavit from Roy himself. In a case which revolves around the issue of causation, and in which some level of technical expertise is required to understand and explain what went wrong, appellants were required to do more than simply produce an explanation by one of the plaintiff parties — who himself admitted he was no expert on boats, motors, or batteries. In other words, upon Sizzle Marine's motion for summary judgment, appellants needed to come forth with direct evidence from their own expert witness linking the fire to some action or inaction on the part of Sizzle Marine. As we have already noted, appellants had to do more than simply resist the allegations in the motion. Appellants did not do so, and the trial court properly granted summary judgment in favor of Sizzle Marine.
 {¶ 36} We therefore overrule Sizzle Marine's motion to dismiss, and overrule all four of appellants' assignments of error. The judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of Sizzle Marine is affirmed.
Judgment affirmed.
TYACK and BROWN, JJ., concur.